## 51825. KENT v. SCOTT HUDGENS REALTY & MORTGAGE, INC.

DEEN, Presiding Judge.

1. The notice of appeal is from the confirmation of a foreclosure sale under power contained in the security deed. Plaintiff bought in the property at market value as arrived at by its professional appraiser. Code Ann. § 67-1504 provides: "The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale." Construing this section, and affirming the order of sale confirmation where testimony as to value was in conflict (although the property actually sold in the open market within three months thereafter at approximately a $20,000 increase) this court in *Thompson v. Maslia,* 127 Ga. App. 758 (195 SE2d 238) held that what market value is under these circumstances "is a question of fact to be resolved as others are," that the opinion evidence was in conflict, and that the weight to be given it was for the judge in the nonjury hearing. See also *National Community Builders v. C & S Nat. Bank,* 232 Ga. 594 (207 SE2d 510). Here the physical facts of location, construction, use and condition were presented to the court along with opinion evidence offered by both sides as to market value. The judgment was in accordance with and supported by the estimate of value of the plaintiff's appraisal.

2. The order confirming the sale concluded with the observation that, prices having risen, a resale might benefit both parties, that the plaintiff should not, however, be charged with double expenses and attorney fees for a second sale, and that therefore defendant would be given the option of demanding a resale upon payment of the expenses and attorney fees involved in the first sale. The defendant refused this option and, the deadline for

payment having passed, brought this appeal instead. Regardless of whether such an order comes within the legal discretion vested in the court, the option was in favor of the appellant, who chose not to exercise it. It therefore cannot under any circumstances constitute harmful error as to him.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976 — REHEARING DENIED MARCH 9, 1976 — ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*McCurdy & Candler, George H. Carley,* for appellant.

*Jones, Bird & Howell, Joseph W. Crooks, Kevin E. Grady,* for appellee.