25983.  FURNEY, Administrator, et al. v. DUKES.

FELTON, Justice.  1.  "The same rule requiring definiteness of description of land in a deed is applicable to a contract for the purchase of land. *Harper v. Kellar,* 110 Ga. 420 (35 SE 667). A description of land in a deed, in order to be valid, must identify the land or must contain a key by the use of which the description may be applied by extrinsic evidence." *Blumberg v. Nathan,* 190 Ga. 64, 65 (8 SE2d 374). "'A deed, for a description of the land conveyed, may refer to another deed or to a map; and the deed or map to which reference is thus made is considered as incorporated in the deed itself.'" *Deaton v. Swanson,* 196 Ga. 833, 836 (28 SE2d 126) and cit. "'A deed describing the land conveyed by setting forth that it is bounded on the north, east, south and west by the lands of certain named owners and by certain described watercourses, and stating the number of acres contained, is neither vague nor uncertain in its description.'" *Deaton v. Swanson,* supra, p. 836 and cit.

2. "With the advent of . . . notice pleading, the complaint is no longer to be construed most strongly against the pleader. . . Therefore, a motion to dismiss should not be granted unless the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim." *Residential Developments, Inc. v. Mann,* 225 Ga. 393, 397 (169 SE2d 305) and cit.

3. Accordingly, in this action for specific performance, where the description in the contract to purchase land is, "Properly known as tract #3 located in Land Lots 422 & 453 of the 12th Land District of Brooks County, Georgia as by plat

made by DeVane Associates dated 6th December 1968," where said plat, which was superimposed on an aerial photograph and attached as an exhibit to the complaint, shows the acreage of said tract and all of its boundaries—by compass calls and distances, land lot lines, roads, a watercourse and boundaries of adjoining tracts and of lands of other named owners—and where said plat states that "acreage, bearings and distances are derived from deeds, aerial photographs and plats of record," the said plat was thereby incorporated in the contract to purchase. The contract to purchase, together with the plat, was sufficient as against the motion to dismiss, to supply a key by the use of which the description may be applied by extrinsic evidence, such as the deeds, aerial photographs and plats of record from which the plat was drawn.

Therefore, the trial court erred in its judgment sustaining the motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED OCTOBER 22, 1970.

*James W. Lovett, W. H. Long,* for appellants.
*Alexander, Vann & Lilly, Thomas K. Vann, Jr.,* for appellee.