45898.   DAVIE v. SHEFFIELD et al.

SUBMITTED JANUARY 8, 1971—DECIDED JANUARY 27, 1971.

*Clein, Babush & Karp, Harvey A. Clein,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Paul E. Pressley,* for appellees.

EVANS, Judge. Prior to 1935 there was no statute in Georgia requiring confirmation of sales by foreclosure and permitting the person instituting the foreclosure proceedings to seek a deficiency judgment where the mortgaged property sold for less than the amount of the debt. But in 1935 the General Assembly enacted such statute (Ga. L. 1935, pp. 381-382), which has been codified in the Georgia Code Annotated by the publishers, as *Code Ann.* §§ 67-1503, 67-1504, 67-1505 and 67-1506. The first three sections appear in the published Ga. Laws of 1935 as *Section 1.*

Section 1 empowers the court, on application for confirmation of the sale, (1) to consider whether the property was sold for its true market value, and (2) to pass upon the legality of the notice, ad-

vertisement, and regularity of the sale. The last sentence of Sec. 1 is: "The court may, for good cause shown, order a resale of the property." Obviously this means that for any of the above reasons, including failure to sell for its true market value, the court may order a re-sale.

Appellant in the case at bar contends that a resale may not be ordered unless there is fault found with the "notice, advertisement, and regularity of the sale" and argues that only these three items appear in *Code Ann.* § 67-1505, which empowers the court to order a re-sale. But as we point out above, *Code Ann.* § 67-1505 divides the language through the work of the publishers, not through the work of the General Assembly. The General Assembly clearly placed all of these matters, including failure of the property to bring its true market value, in Sec. 1, and then provided that the "court may, for good cause shown, order a resale of the property."

The appellate courts of Georgia have time and again held that mere inadequacy of price is not a sufficient reason for ordering a re-sale of property sold at public outcry. But it will be noted that these decisions are premised on earlier decisions which had their origin prior to 1935. For the first time, in 1935, the General Assembly provided that a re-sale could be had for mere inadequacy of price, and the appellate courts simply failed to take the 1935 statute into consideration in any holdings after that date which provide that mere inadequacy of consideration is not enough to require a re-sale of property.

It might be argued that a third person may become the purchaser of the property where it is knocked off to the high bidder at public auction, and that the 1935 statute seems to concern only the creditor and debtor (the maker and holder of the deed to secure debt), and does not contemplate a re-sale where such third person has become the purchaser. We can only say in reply that the purchaser at public outcry, whether a party to the debt, or a third person, bids at the sale with full knowledge of enactment of Ga. L. 1935, pp. 381-382, which clearly contains the language that "The court may, for good cause shown, order a resale of the property." And he is bound by this language in the statute.

Accordingly, the court did not err in ordering a re-sale where

there is evidence supporting his finding that the price received at the sale was inadequate, and the statute authorizes such re-sale.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*