## 51956. AMERICAN CENTURY MORTGAGE INVESTORS v. STRICKLAND.

MARSHALL, Judge.

This is an appeal from an order by the Superior Court of Lowndes County denying the confirmation of the public sale of real estate, without legal process, made pursuant to the security deeds following default on the secured debts. The sole enumeration of error alleges that the conclusions of law were not supported by adequate

findings of fact.

The debtor, Strickland (appellee), negotiated three loans with the creditor, American Century Mortgage Investors (appellant), two for $600,000 each and one for $40,000, a total indebtedness of $1,240,000. Appellee pledged two shopping centers as security for these indebtednesses. Though some $200,000 in interest was paid, the principal remained due and payable when appellant declared the entire indebtedness due. Upon failure to make payment as demanded, appellant exercised its right under the security deeds to sell the pledged real estate at public outcry. There is no contention that the procedures leading up to the public sale were improper. At the public sale, appellant bid on the two shopping centers, one for $525,000 and the other for $425,000, leaving a substantial indebtedness.

At the confirmation hearing, the evidence of which was not transcribed, the parties did not dispute that there was evidence submitted on behalf of appellee that he had expended $1,400,000 in developing the two properties. He offered the testimony of an expert appraiser that the market value of the combined properties was $1,286,000, a value $336,000 above the price paid by appellant at the public sale. The expert appraisers for the appellant gave opinions of value as $1,016,500 ($66,500 above the knock-down price) and $985,000 ($35,000 above the knock-down price), respectively.

Other evidence at the confirmation hearing indicated that the advertising of the sale included the sale of both personalty and realty and that these advertisements were read at the time of the sale. Furthermore there was evidence that the appellant and appellee had the understanding that a foreclosure sale was a prerequisite to the transfer of a clear title to a third party who apparently was acceptable to both appellant and appellee; that there was some question whether the third-party purchaser would negotiate the sale; but that the appellee was not aware the third-party purchaser had withdrawn until the very day of the public sale. Appellant questions the interpretation of these facts but in essence did not dispute them.

Based upon these facts the trial court concluded: (1)

the appellant had failed in its burden to establish the purchase price as the true market value; (2) that the purchase price was grossly inadequate in comparison with its true market value; (3) by advertising that both realty and personalty would be sold together, the appellant effectively "chilled" purchases by prospective buyers interested only in real estate or only in personalty; and (4) that by keeping open the debtor's hopes that the third-party purchaser would ultimately purchase the property, the foreclosure sale was accompanied by elements of fraud, surprise, mistake and misapprehension adversely affecting the bidding by denying the debtor time to obtain other financing or other interested bidders. *Held:*

1. In essence appellant complains the trial court's finding of fact that the "two properties greatly exceed [in value] the sums bid in by plaintiff at the foreclosure sale" is not a finding of a specific fact; to wit, the "true market value." Thus appellant complains there is no basis for the conclusions of law that it failed to carry its burden in establishing "true market value," and that the bid prices at the foreclosure sale were grossly inadequate in comparison with the "true market value" of the properties.

Ga. L. 1935, p. 381 (Code Ann. § 67-1504) provides: "The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale."

We do not read so strict a requirement into that provision as does the appellant herein. The statute requires the trial court to call for sufficient evidence to satisfy himself as to what is the true market value of the property. It does not demand the court establish as a matter of fact and law what is the actual dollar amount of the true market value. The statute further requires that, if he is not satisfied that the foreclosure sale brought what in his opinion approximates the true market value of the property, he is required to deny confirmation of the sale and, if necessary, to order a resale. The trial judge complied with the statute in this case.

Appellant further contends, however, the trial court did not comply with CPA § 52 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) (Code Ann. § 81A-152 (a)) by failing to "find the facts specifically."

"[Findings of fact] . . . should be brief, concise, pertinent and adjusted to the evidence as reflected by the record. Overelaboration and particularization is neither required nor desired. Matton Oil Transfer Corp. v. The Dynamic, 123 F2d 999, 1001. They should not be redundant or argumentative, but should be inclusive enough to afford an intelligent review. Shapiro v. Rubens, 166 F2d 659; Summerbell v. Elgin National Watch Co., 215 F2d 323; Commercial Standard Ins. Co. v. Liberty Plan Co., 283 F2d 893. They are not intended to amount to a brief of the evidence and need be made only on issues necessary to a disposition of the cases and upon which the judgment was entered. Klimkiewicz v. Westminster Deposit & Trust Co., 122 F2d 957. And like the findings of a jury, or of the Workmen's Compensation Board, they are binding on appeal and unless wholly unsupported or clearly erroneous will not afford a basis for reversal." *Spivey v. Mayson,* 124 Ga. App. 775, 776 (186 SE2d 154).

We conclude the findings of fact were sufficient in this case. In this regard the two material issues to be satisfied as required by Code Ann. § 67-1504 are: did the court (1) require evidence showing the true market value, and (2) base its decision of confirmance or nonconfirmance on whether the sale price approximated true market value? There is no question that the court obtained well-supported, if differing, opinions as to the true market value of the property. There likewise is no question that the court determined the property was sold for less than what the court considered its true market value. Reading finding of fact (i) together with conclusions of law (a) and (b), it is clear the trial judge determined in his own mind from the evidence adduced what was an approximation of true market value, and that the actual bid prices were not equal to the true market value. The findings of fact, sufficiently addressed themselves to these same issues. *U. S. F. & G. Co. v. Gentile,* 134 Ga. App. 318, 320 (214 SE2d 406). Thus we are satisfied the trial court complied with the requirements of both Code Ann. § 67-1504 and Code

Ann. § 81A-152 (a). *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238).

In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. *West v. West,* 228 Ga. 397 (1) (185 SE2d 763); *Classic Enterprises, Inc. v. Continental Mortg. Investors,* 135 Ga. App. 105 (217 SE2d 411). What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence. *Classic Enterprises, Inc. v. Continental Mortg. Investors,* supra; *Mustang Transp., Inc. v. W. W. Lowe & Sons, Inc.,* 123 Ga. App. 350 (3) (181 SE2d 85).

2. The remaining complaints pertain to the trial court's conclusions of law that there was a chilling of the bidding and that there was misinformation entertained by the appellee affecting the sale. There is support in the record for the findings of fact entered by the court. Since we cannot conclude the findings of fact and conclusions of law of the court are without evidence to support them, the findings should not be disturbed. *Thompson v. Maslia,* supra.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 7, 1976 — DECIDED
MAY 17, 1976.

*Walker, Yancey & Gupton, Fred H. Walker,* for appellant.

*Tillman, Brice, McTier, Coleman & Talley, Wade H. Coleman,* for appellee.