## 52336. ADAMS et al. v. GWINNETT COMMERCIAL BANK.

BELL, Chief Judge.

This is an action to confirm a sale of realty under Code Ann. § 67-1503. Plaintiff acting under the powers contained in a deed to secure debt, conducted a sale of real property of defendants. Plaintiff was the sole bidder at the sale and purchased the property for $180,000. At the confirmation hearing, testimony was adduced as to the value of the land which ranged from $174,875 according to plaintiff's appraiser, to a high of about $290,583 according to defendants' experts. The trial court entered an order which stated that the court found ". . . that plaintiff has failed to prove by a preponderance of evidence that said property brought its fair market value on the date of sale. However, it appears to the Court that plaintiff acted in good faith by having said property appraised before the sale, and that while said sale should not be confirmed, plaintiff should be and is allowed to resell said property after proper advertisement. And it is so ordered, . . ." *Held:*

1. It is contended that the court erred as it gave the plaintiff the option to resell as opposed to ordering a resale which is contrary to Code Ann. § 67-1505. The latter provides in part: "The court may, for good cause shown, order a resale of the property." The language that plaintiff "is allowed" to resell standing alone may possibly be susceptible to the construction plaintiff wishes placed on it which is contrary to the plain words of the statute. But when read as a whole, the meaning of the court's order was that confirmation was denied and plaintiff was ordered to resell the property. When a judgment is susceptible of two meanings, one of which would render it legal and the other illegal, the court should give it that construction, if

reasonably possible, which would render it legal. *Byrd v. Goodman,* 195 Ga. 621 (25 SE2d 34).

2. In its petition plaintiff prayed only for confirmation of the sale. CPA § 54 (c) provides: ". . . Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." Code Ann. § 81A-154 (c). Defendants make the argument that ordering a resale in this case was error under the above provisions of the Civil Practice Act as neither the propriety of a resale was litigated nor were they given the opportunity to assert matters in opposition to resale. This has no merit. The confirmation of sale statute is designed to protect a debtor from a deficiency judgment when the involuntary sale brings less than the true market value. A failure to sell for the true market value constitutes good cause for ordering a resale. *Davie v. Sheffield,* 123 Ga. App. 228 (180 SE2d 263). Thus we hold that in every confirmation of sale case, the issue of a resale is always raised regardless of whether it has been affirmatively pleaded in plaintiff's complaint if the defendant is afforded the opportunity to defend against confirmation as well as against a resale.

3. The trial court found as a fact that plaintiff had not proved by a preponderance of the evidence that it sold the property for its fair market value; but that plaintiff had acted in good faith by having the property appraised before the sale; and concluded that while confirmation should be denied, a resale was authorized. It is contended that these findings of fact and conclusions of law are insufficient to authorize a resale as "good cause" was not shown. Code Ann. § 67-1505 provides in part "The court may, for good cause shown, order a resale of the property." The statute plainly grants a trial court the discretionary power to order a resale. We construed the above statute in *Davie v. Sheffield,* supra, to mean that where there is a "failure to sell for its true market value, the court may

order a resale." Here there is evidence that the property did not bring its true market value, but that plaintiff's failure in this regard was not brought about by any failure to sell and buy the property intentionally at a price less than the true market value. Thus the findings of fact and conclusions of law are authorized. There was no abuse of discretion in ordering a resale.

*Judgment affirmed. Quillian, P. J., Webb, Marshall, McMurray and Smith, JJ., concur. Deen, P. J., Clark and Stolz, JJ., dissent.*

ARGUED JULY 12, 1976 — DECIDED OCTOBER 6, 1976 — REHEARING DENIED OCTOBER 28, 1976 — ▮▮▮▮▮

*Webb, Fowler & Tanner, William G. Tanner, J. L. Edmondson, William W. Cowan,* for appellants.

*G. Hughel Harrison, Thomas J. Andersen,* for appellee.

CLARK, Judge, dissenting.

"Speak for yourself, Sol." That personal paraphrase of the Puritan Priscilla's reply to John Alden's plea in behalf of Miles Standish fits this dissent.[1] I find myself unable to agree with the construction of the statute by the majority as set forth in the third division. I would be lacking in candor if I failed to recognize my disagreement stems from my personal philosophy and private predilection probably created by reason of having entered the practice of law in 1930.

Legally, these views are fortified by consideration of the purpose and intent of the General Assembly of 1935 in the enactment of this statute. I am particularly impressed by the legislative use of the words, "for good cause shown," in lieu of the usual phrase, "in the discretion of the court."

Our court noted in *Thompson v. Maslia,* 127 Ga. App.

---

[1] Justice Samuel Blashford served on the United States Supreme Court from 1882 to 1893 without a single dissent. This uniqueness may explain why he is unknown to today's lawyers.

758, 762 (195 SE2d 238) that the statute was enacted at a time when "our country was emerging from a disastrous depression during which many mortgagors had not only lost their property through foreclosure but were forced to bankrupt against deficiency judgments after foreclosure sales in which mortgagees usually acquired the property at nominal or depressed bids." The writer stated in his dissent therein at p. 767 that the purpose of the statute was to prevent "unfortunate mortgagors from being saddled with unwarranted deficiency judgments in addition to loss of the mortgaged property." Accordingly, I am of the belief that construction of the statute must be in favor of the mortgagor. This would be in conformance with the statutory intent to insure fair treatment of the borrower and to impose upon the mortgage lender an affirmative duty to show to the court that the property brought its "true market value" at the foreclosure sale.

In 1584 Sir Edward Coke[2] wrote in Heydon's case, 3 Co. Rep. 7a., 7b., 76 Eng. Rep. 637, 638: "[F]or the sure and true interpretation of all statutes in general (be they penal or beneficial, restrictive or enlarging of the common law,) four things are to be discerned and considered: — 1st. What was the common law before the making of the Act; 2nd, What was the mischief and defect for which the common law did not provide; 3rd, What remedy the Parliament hath resolved and appointed to cure the disease of the Commonwealth; And, 4th. The true reason of the remedy; and then the office of all the Judges is always to make such construction as shall suppress the mischief, and advance the remedy. . ."

This Common Law commandment is succinctly stated in the first sentence of Code § 102-102 (9): "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy."

Application of this rule leads to one conclusion: a

---

[2] Bench and bar benefits by reading "The Lion and The Throne" by Catherine Drinker Bowen, a biography of "the greatest common law lawyer of all time." (The quotation is from Encyclopedia Britannica.)

resale may be ordered only when the "good cause" consists of some situation beneficial to the mortgagor. This differs from "sound legal discretion" which is the measurement generally applied in confirmation of judicial sales. See *Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101 (225 SE2d 460) and cits. That is to say: the question of whether the price at which the property is knocked off to the highest bidder represents its "true market value" comes within the doctrine of "legal discretion"; but the judicial declaration requiring another sale can be solely on the basis of a showing of "good cause."

"Good cause" would depend on special situations. Illustrative examples of "good cause" could be matters such as an intervening announcement of a new industry for the community or confirmation of a highway change affecting the specific property or a change in local economic conditions. Another example of "good cause" would be occurrence of some event affecting attendance of prospective bidders at the public sale. The writer recalls such an occasion in Chatham County arising from reports of an approaching hurricane.

In the present appeal the trial judge ruled "that plaintiff has failed to prove by a preponderance of evidence that said property brought its fair market value on the date of sale." That decision should have concluded the judgment. The lender bank had already had its opportunity to make out its case and failed; it should not be given another chance. Generally, in judicial proceedings, a case is ended when a judgment is reached by the trial court subject to appeal. Why should a mortgagee be given another chance to make out its case when that would be contrary to the statute's purpose of aiding the mortgagor? Particularly in the light of the fact that "The basic equity rule is that only one foreclosure of a mortgage will be allowed, and the same rule applies to security deeds." Pindar, Ga. Real Estate Law, § 21-59.

An added argument for reversal lies in the fact that the reason given by the trial judge does not amount to "good cause." In fact, it is submitted that it should be considered an abuse of discretion to order another sale on the basis that "plaintiff acted in good faith by having said property appraised before the sale." A lender who

forecloses is under a legal duty to conduct the sale in good faith. *Sullivan v. Federal Farm Mtg. Corp.*, 62 Ga. App. 402, 405 (8 SE2d 126). "Good faith" is not "good cause." See also the citations listed in footnote 402 at p. 762 of Pindar's Ga. Real Estate Law for instances where the mortgagee was ruled guilty of conduct calculated to chill the bidding or depress the prices offered.

I recognize that the United States Court of Appeals for the 5th Circuit has ruled contrary to this position in *United States v. The Golf Club Co.*, 435 F2d 9. Since, however, that court's decisions are persuasive but not controlling upon us I can only state my conviction that it erred in its conclusion that the words "for good cause shown" express "the discretionary nature of this power." This is contrary to the intent and purpose of statutory construction contained in § 102-102 (9) herein quoted. "Good cause" is a standard or measurement device; it does not carry the connotation of discretion.

I am authorized to state that Presiding Judge Deen and Judge Stolz join in this dissent.