52771. JONESBORO INVESTMENT TRUST ASSOCIATION et al. v. DONNELLY et al.

SMITH, Judge.

This is an appeal from the confirmation of a sale had under power in a security deed. The applicant for

confirmation of the sale, and the appellee in the case on appeal are the trustees of the Institutional Investors Trust, a Massachusetts business trust hereinafter referred to as IIT. The appellants are Jonesboro Investment Trust Association, an unincorporated association composed of Charles J. Driebe and George E. Glaze; and Charles J. Driebe and George E. Glaze as individuals; and Great American Mortgage Investors, another Massachusetts business trust. The Jonesboro Investment Trust Association will be hereinafter referred to as JITA and the Great American Mortgage Investors will be hereinafter referred to as GAMI. Another party to the confirmation proceeding, Jonesboro Properties, a North Carolina limited partnership, was dismissed as a party by subsequent order of the judge of the superior court. JITA was the owner of land in Clayton County, Georgia and made a temporary loan for the purpose of improving the property with an apartment complex. The temporary loan in the amount of $2,200,000 was made on April 25, 1972 between GAMI as lender and JITA as borrower. The papers as drawn contemplated that IIT would become the permanent lender. On December 29, 1972, Jonesboro Properties became the owner of the apartment complex by warranty deed from JITA but subject to the deed to secure debt at that time held by GAMI. All occupant leases were additional security for the payment of the debt secured by the deed to secure debt. On November 19, 1973, apparently upon completion of the project, Jonesboro Properties conveyed the apartment complex by warranty deed to GAMI subject to the deed to secure debt which on the same date, together with the note, was conveyed by GAMI to IIT. The same day GAMI as lessor entered into a long-term lease agreement for the property with Jonesboro Properties as lessee subject to the deed to secure debt. IIT filed an application for receivership for the properties, and on April 25, 1975 an order was entered appointing two persons as receivers for the property and directing them to take possession, custody and control of said property and the defendants in that action, which included the defendants here, were enjoined from interfering in any way with the receivers' activities and from interfering with the receiver receiving

directly or indirectly any rents or incomes from the property. This order was to remain in effect until further order of the court. The application for receiver stated that IIT intended in July 1, 1975, to foreclose upon the property under the power of sale given in the security deed and in the month of June it advertised said property for sale on the first of July, 1975. This advertisement ran on June 3, 10, 17 & 24 but it was not until after the third advertisement that an order was entered by the receivership court allowing the sale of the property under power and directing the receivers to turn possession of the property over to the purchaser at the foreclosure sale. The sale was had on July 1, 1975 with IIT being the only bidder on the property. Conveyance was made accordingly and deed and possession delivered to IIT. On July 30, 1975, IIT filed a report of sale and petition for confirmation and approval of sale of real estate under power with the judge of the superior court under the Act of 1935. Ga. L. 1935, p. 381 (Code Ann. § 67-1503 et seq.) Before a hearing could be had, Jonesboro Properties filed a Chapter 11 bankruptcy petition in the U. S. District Court for the Western District of North Carolina, Charlotte Division on August 29, 1975 and six days later on September 4, 1975, the Federal Bankruptcy Court issued the following stay order:

"Ordered, that all persons, firms and corporations, included, but not limited to First National Bank of Atlanta, Georgia, and Great American Mortgage Investors, be, and they hereby are, enjoined and stayed until further decree herein from commencing or continuing any suit or civil action or foreclosures against Jonesboro Properties or any of its real or personal property." The motion for confirmation of sale came on for a hearing on February 3, and 4, 1976, with an additional hearing on February 13, 1976, and the sale was confirmed at a purchase price of $1,750,000. The respondents appealed.

1. The present proceeding under the Act approved March 28, 1935 (Ga. L. 1935, p. 381; Code Ann. § 67-1503, et seq., formerly Code Ann. § 37-608 et seq.) to confirm a sale under power contained in a security deed was brought in the name of "Trustees of Institutional

Investors Trust, a Massachusetts Business Trust." A motion to dismiss the application to confirm the sale was made on the ground there was no party plaintiff. An amendment naming the trustees was allowed and ordered filed over objection of the appellants. The appellants on appeal rely on *Russell v. O'Donnell,* 132 Ga. App. 294 (208 SE2d 107) which case, in a suit for money owed brought in the name of Ansley Forest Apartments, held that the name in which the action was brought imported no name of a natural or artificial person and that an amendment setting forth the name of a natural person doing business as Ansley Forest was improperly allowed as there was nothing to amend. This decision is not controlling here as the word "trustees" in the name of applicant imported a natural or artificial person or persons and was sufficient to support the amendment giving the individual names of the "trustees."

Nor was there any error in refusing to dismiss the application because of the failure of the applicant to allege its authority to "sue." The proceeding here is not a "suit" but an application to the "Judge of the Superior Court" (*Slocumb v. Ross,* 119 Ga. App. 567 (168 SE2d 208)) and is brought in the name of the holder of the security deed under which the sale was held. The right to apply for confirmation of the sale under power in the security deed, attached to the application, is given as a matter of law to the holder of the deed under the above Act of 1935.

2. There was no error in refusing to submit the questions of fact involved on the confirmation hearing to a jury. *Kilgore v. Life Ins. Co. of Ga.,* 138 Ga. App. 890 (3) (227 SE2d 860). A written demand for jury trial in a proceeding where none is required by statute or the Constitution of the state, does not entitle one to a jury trial. See also *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460); *Classic Enterprises v. Continental Mtg. Investors,* 135 Ga. App. 105 (2) (217 SE2d 411). The appellants rely upon the statement in Division 5 of the opinion in the case of *Southern Mut. Invest. Corp. v. Thornton,* 131 Ga. App. 765 (5) (206 SE2d 846) to wit: "Whether or not the sale of the realty might have been affected adversely because same was under a receivership, which might have caused prospective

purchasers to question the title to the property, remains for determination by a jury. *Plainville Brick Co. v. Williams,* 170 Ga. 75 (2, 3) (152 SE 85); *Henderson v. Willis,* 160 Ga. 638, 646 (128 SE 807)." This holding is not controlling here for two reasons. The first is that the question of whether the trial judge or the jury became the trior of facts in the proceeding was not a question presented for decision, and secondly, the two cases cited involve final trials in equity proceedings; one involving an action to enjoin a sale under power and the other was similar thereto and permanent injunctions were sought in both cases. A jury trial was therefore required in those cases. See Code § 37-1101; *Hartley v. Hartley,* 211 Ga. 616, 618 (2) (87 SE2d 851); *Hargraves v. Lewis,* 3 Ga. 162.

3. The advertisement of sale showing the property was being sold as the property of the grantor in the deed to secure debt containing the power of sale under which the property was being advertised does not void the sale merely because the grantor in the deed to secure debt had, prior thereto, sold its equity of redemption to another subject to the deed to secure debt; nor is such sale void because the name of the party or parties in possession was not stated in the advertisement. *Southern Mut. Invest. Corp. v. Thornton,* 131 Ga. App. 765, supra, (2).

4. The evidence was sufficient to support a finding that the sale price was the true market value of the property at the time of the sale. The evidence as to market value was in conflict but the evidence was undisputed that a very depressed real estate market existed at the time of the sale on July 1, 1975. There was evidence which may have authorized a finding that the bidding at the sale was chilled because three advertisements of the sale had appeared prior to securing an order from the judge in the receivership proceeding, the pendency of the receivership proceeding, etc. However, the evidence of the drastically depressed real estate market, particularly as to apartment complexes, and the fact that approximately one and three quarter million dollars was involved in the sale, and the finding by the trial judge that the property brought its true market value would also authorize a finding that factors claimed did not cause a chilling or lack of bidding at the sale, although the only bid made was

that of the holder of the deed to secure debt.

5. Appellants, respondents in the application to the judge of the superior court for confirmation of the sale under power, contend that the action of the judge of the superior court in confirming the sale was void because of an automatic stay effective upon the filing of the petition in bankruptcy by Jonesboro Properties and also the stay order of September 4, 1975. It is contended that under Rule 11-44 of the Federal Rules of Bankruptcy Procedure, the petition of Jonesboro Properties, dated August 29, 1975 proceeding under Chapter 11 of the Bankruptcy Act automatically operated "as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding . . ." Rule 11-44.

"Of course, the usually stated jurisdictional test is possession of the bankrupt at the time of filing the petition. If there is possession there is usually summary jurisdiction in the referee. . . Appointment of a receiver for the purpose of collecting rents is a sufficient act of control to oust the debtor from possession. Emil v. Hanley, 318 U. S. 515, 63 S. Ct. 687, 87 L. Ed. 954 (1943). . . Appellant attempts to avoid the normal rule where possession is the test for summary jurisdiction by arguing that the instant proceedings are under Chapter XI and in Chapter XI proceedings, unlike ordinary bankruptcy proceedings, the debtor's ownership of property is sufficient to give the bankruptcy court summary jurisdiction. The two major bankruptcy treatises are in conflict on this point. Appellant relies on statements in 8 Collier on Bankruptcy ¶ 3.02, pages 176-182, while appellees counter with a contrary view in 9 Remington on Bankruptcy, § 3573, pages 214-18 [6th ed. 1955]. Although the matter is not free from doubt, case authority favors appellees' position. Sada Yoshinuma v. Oberdorfer Insurance Agency, 5 Cir., 136 F.2d 460, 461; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658; In re California Paving Co., N.D. Cal., 95 F.Supp. 909." Wikle v. Country Life Insurance Co., 423 F2d 151, 153. However, we are not required to

decide whether legal title in the debtor is alone sufficient to vest summary jurisdiction in the bankruptcy court in a Chapter XI proceeding because the record shows there was no title in Jonesboro Properties at the time of the institution of the Chapter XI proceeding.

We find nothing in the present case which discloses that the bankrupt had either actual or constructive possession of the property foreclosed upon at the time of the filing of the bankruptcy petition. In fact at the time of the filing of the petition, IIT had already purchased the property at the foreclosure sale and was in possession of the property collecting the rents. At the time of the filing of the bankruptcy petition, the bankrupt had no right, title or interest in or to the property foreclosed upon. The sale under power had been held and the deed and possession delivered to the purchaser. That the sale had not been "confirmed" under the Act of 1935 did not affect the title conveyed but only affected the right of the creditor to bring an action for a deficiency judgment.

"The District Court had no jurisdiction to restrain state court proceedings to enforce a lien on property that did not belong to the debtor. In re [M. H.] Bekkedal & Sons, Inc. (C.C.A.2) 81 F. (2d) 337; . . ." In re Patten Paper Co., 86 F2d 761, 765.

In the case of In the Matter of Holiday Lodge, Inc., 300 F 2d 516, 519, the following was said in reference to the above quotation:

"The applicability of these decisions to the case at bar is emphasized by the circumstances that the first mortgage here constitutes a lien on the property in question superior to debtor's leasehold interest and, to the extent of that lien, the debtor had no interest in the real estate. It took its lease subject to that mortgage lien. That being so, the district court, as a bankruptcy court, had no jurisdiction to restrain a state court proceeding to enforce the Association's lien on the property to the extent that it was superior to any interest belonging to the debtor in that property.

"Thus, both literally, according to the language of § 714, and as a matter of equity, the court did not have jurisdiction under this section to grant or continue the restraining order." See also Union Central Life Ins. Co. v.

I. Baer Co., Ltd., 10 F2d 153, 154; *Smith v. Folsom,* 190 Ga. 460, 467 (9 SE2d 824).

The confirmation of the sale here which was the only act taking place after bankruptcy was neither the assertion of a lien against the bankrupt or the bankrupt's property and was not a "proceeding" against the bankrupt as it was not a party to the "proceeding" at the time of the confirmation of the sale. The confirmation of the sale in no way violated the automatic stay nor the order of the bankruptcy judge.

Appellant relies upon the following authorities: Hull v. Burr, 234 U. S. 712, 723 (34 SC 892, 58 LE 1557); Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734 (51 SC 270, 75 LE 645); In re Lustron Corp., 184 F2d 789; cert. den., 340 U. S. 946 (71 SC 531, 95 LE 682); In the Matter of Decker, 465 F2d 294; In the Matter of Abraham, 421 F2d 226; Tolk v. Weinsten, 220 SE2d 239, 241 (So. Car. 1975); Murphy v. Bankers Commercial Corp., 203 F2d 645, 646; In the Matter of Freed & Co., 2 Bankr. Ct. Dec. 676.

The above cases, relied upon by appellant, are not controlling here for the following reasons, either (1) the debtor was in either actual or constructive possession of the property or owned it at the time of the filing of the bankruptcy petition, or (2) the bankruptcy petition was filed or the stay order issued before the sale or (3) the bankruptcy petition was filed or the stay order issued after sale but before confirmation *where confirmation was required to complete the sale and pass title.*

6. There is no merit in the contention of the appellants that the sale under power was a voidable preference under the Bankruptcy Act, § 60 a (2) (11 USCA § 96 a (2)). In so holding we do not intimate or express an opinion that even if a voidable preference such fact would have any bearing on the proceeding for confirmation under the Act of 1935 under the facts of this case.

7. We accordingly, for the above reasons, affirm the judge of the superior court in confirming the sale.

*Judgment affirmed. Deen, P. J., concurs. Webb, J., concurs in the judgment only.*

Argued October 4, 1976 — Decided March 9, 1977 —

*Charles J. Driebe, George E. Glaze, Alston, Miller & Gaines, J. Michael Kelly, Frank J. Beltran, John R. Martin,* for appellants.

*Nall, Miller & Cadenhead, Edward S. White, J. Robert Howard, Watson, Brown, Foster & Keller, Larry A. Foster, Casper Rich,* for appellees.