## 53800. GILBERT v. ARNESON.

BANKE, Judge.
   The appellant sued the appellee for the amount due on a note. At the close of the appellant's evidence, the court granted a directed verdict in favor of the appellee, and the appellant appeals.
   The appellant was the payee of a note which the appellee signed as an accommodation endorser. The note was secured by realty located in Meriwether County. On May 2, 1972, the appellant held a foreclosure sale of the property described in the deed to secure debt and conveyed the land to another person for a sum significantly less than the indebtedness evidenced by the note. The foreclosure sale was never confirmed or approved by the Superior Court of Meriwether County.
   1. The appellant's contention that the trial judge erred in directing a verdict for the appellee is meritless. "When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of the debt secured by such deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon." Code Ann. § 67-1503

(Ga. L. 1935, p. 381); *Davie v. Sheffield,* 123 Ga. App. 228 (180 SE2d 263) (1971). "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former shall cease. . ." Code § 103-102.

2. The appellant enumerates as error the trial judge's exclusion of testimony dealing with actions by C & S Bank at the foreclosure sale. Such testimony, however, is irrelevant to the issue of the appellee's indebtedness or the appellant's failure to confirm the sale under power. Thus, the trial judge did not err in sustaining the objection to this testimony. Code § 38-201; see *MacNerland v. Johnson,* 137 Ga. App. 541 (1) (224 SE2d 431) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED APRIL 12, 1977 — DECIDED MAY 5, 1977.

*Preston L. Holland,* for appellant.
*A. J. Welch, Jr., Bennett G. Cloy, Jr.,* for appellee.