54234. FEDERAL DEPOSIT INSURANCE CORPORATION et al. v. IVEY-MATHERLY CONSTRUCTION COMPANY et al.

Quillian, Presiding Judge.
This appeal involves the trial judge's refusal to confirm a foreclosure sale under Code Ann. §§ 67-1503 through 67-1506 (Ga. L. 1935, p. 381). The appellant makes the following enumerations of error: (1) the trial court

erred in denying appellants' application for confirmation where there was no evidence of gross inadequacy of the foreclosure price and no evidence of fraud, mistake, misapprehension, surprise or other circumstances which would have contributed to any inadequacy of price, (2) the trial court erred in denying appellants' motion to modify the judgment to authorize a resale of the property where the evidence shows that, if appellants failed to sell the property at its fair market value, such failure was unintentional and contrary to appellants' purpose in having the property appraised prior to the foreclosure sale.

The property in question sold for $682,000. An expert witness for the appellant testified that amount was its true market value, while the appellee's expert witness found the property to be worth $830,000. The trial judge determined the sole question to be whether the property brought its true market value as required by Code Ann. § 67-1504. He found: "While the expert witnesses were in substantial accord as to the true market value of the improved portion of the subject property, the evidence was in sharp conflict as to the true market value of the remaining unimproved portion of the subject property. The Court, after giving careful consideration to the evidence, finds that the evidence produced by defendants is more creditable and reasonable than the evidence produced on behalf of plaintiffs. The Court finds that the entire tract of subject property on July 6, 1976, had a true market value substantially in excess of $682,000." *Held:*

1. Code § 67-1504 provides: "The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure." Our courts have applied this clearly enunciated principle in a host of cases. *Norwood Realty Co. v. First Fed. S. & L. Assn.,* 99 Ga. App. 692, 696 (5) (109 SE2d 844); *Davie v. Sheffield,* 123 Ga. App. 228 (180 SE2d 263); *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238); *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513); *Jonesboro Invest. Trust Assn. v. Donnelly,* 141 Ga. App. 780 (4) (234 SE2d 349);

*Hinson v. First Nat. Bank,* 221 Ga. 408 (144 SE2d 765).

Nevertheless, in *Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101 (225 SE2d 460), the majority of this court reversed the trial judge's confirmation of a sale and applied the rule set out by *Giordano v. Stubbs,* 228 Ga. 75, 79 (3) (184 SE2d 165): "Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity." *Giordano* was an equity case involving the setting aside of a foreclosure sale, not the confirmation (or failure to confirm) of a foreclosure under Code Ann. § 67-1503. The distinction between a confirmation proceeding and an equitable action is emphasized in *Keever v. General Elec. Credit Corp. of Ga.,* 141 Ga. App. 864, 865 (234 SE2d 696). Thus, we fail to see why *Giordano* could be cited in *Wachovia* as support for the proposition therein advanced.

The statute requires that the trial judge make a determination as to whether the sale brought the property's true market value (Code Ann. § 67-1504; Ga. L. 1935, p. 381), not whether the price was grossly inadequate. See *Scroggins v. Harper,* 138 Ga. App. 783, supra; *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882, 883 (3) (237 SE2d 198).

In construing this statute, specifically Code Ann. § 67-1505 (Ga. L. 1935, p. 381), this court has held that mere inadequacy of price is sufficient reason for denying confirmation and ordering a resale of the property. *Davie v. Sheffield,* 123 Ga. App. 228, supra; *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, 234 (230 SE2d 324). In the *Adams* case, where the trial judge found the plaintiff failed to prove by a preponderance of the evidence that the property brought its fair market value on the date of sale, Chief Judge Bell speaking for the majority of this court stated: "[W]here there is a 'failure to sell for its true market value, the court may order a resale.' " Implicit in the court's holding is the proposition

that this selfsame failure to sell for its true market value likewise justifies the trial court's declining to confirm the sale (although under *Giordano v. Stubbs,* 228 Ga. 75, supra, and *Gunter v. Tucker Federal Savings &c. Assn.,* 237 Ga. 806 (229 SE2d 662), it would not alone sustain a subsequent equitable action to set aside the sale).

While an appellate court will affirm a trial court's determination made under Code § 67-1504 where there is no evidentiary basis of a violation of those maxims outlined in *Giordano,* supra, or that the plaintiff chilled the sale (see *Darby & Assoc. v. Federal Deposit Ins. Corp.,* 141 Ga. App. 78 (232 SE2d 615); *Clairmont Development Co. v. Trust Co. Bank,* 141 Ga. App. 180 (233 SE2d 37)), it does not follow that the absence of such facts will require a reversal.

*Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101, supra, holding to the effect that there must be a showing of gross inadequacy of price, accompanied by fraud, mistake, etc., to justify a refusal to confirm is in error and is overruled.

As pointed out in *Hall v. Taylor,* 133 Ga. 606 (66 SE 478), under the proceedings prior to the present confirmation statute, the trial judge was called upon to exercise a sound legal discretion. In *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238), it was held: "The judge sits as a trior of fact, and his findings and conclusions have the effect of a jury verdict. 'Where the trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it' . . . What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trior of fact (here the judge) is the judge of the credibility of the witnesses and of the weight to be given the evidence." Accord, *Classic Enterprises, Inc. v. Continental Mtg. Investors,* 135 Ga. App. 105, 106 (2) (217 SE2d 411); *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460).

We have examined the record and since there is some evidence to support the trial judge's findings that the property had a true market value substantially in excess of the amount obtained in the sale, under authority of

*Thompson v. Maslia,* 127 Ga. App. 758, 764, supra, his finding based upon conflicting evidence will not be disturbed by this court.

2. The failure to order a resale, after denying confirmation, is enumerated as error.

On certiorari, it was held that "the Court of Appeals correctly decided the questions made" in *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, supra. *Adams v. Gwinnett Commercial Bank,* 238 Ga. 722 (235 SE2d 476). In that regard, the Supreme Court pointed out: "The Court of Appeals equated the authority of the trial judge in Code Ann. § 67-1505 to order a resale of the property 'for good cause shown' with the right to exercise a legal discretion." Thus, in order to reverse a trial judge exercising his legal discretion we would have to find as a matter of law that "good cause" was shown. While the facts would certainly authorize the grant of a resale (see *Davie v. Sheffield,* 123 Ga. App. 228, supra; *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, supra), we cannot hold such ruling was demanded. Especially is this true where as here a resale had previously been ordered. In such circumstances, the trial judge's exercise of discretion will not be controlled. See United States v. Golf Club Co., 435 F2d 9.

*Judgment affirmed. Bell, C. J., Deen, P. J., Webb, McMurray, Smith, Shulman, Banke and Birdsong, JJ., concur.*

ARGUED JULY 12, 1977 — DECIDED NOVEMBER 18, 1977 — REHEARING DENIED DECEMBER 9, 1977 —

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellants.

*Alex McLennan, Noel H. Benedict,* for appellees.