54335, 54336. FLEMING et al. v. FEDERAL LAND BANK OF COLUMBIA; and vice versa.

McMURRAY, Judge.

This is an action seeking confirmation of a foreclosure sale held under the power contained in the terms of a deed to secure debt upon certain real property executed by defendants Fleming and Frey to plaintiff, the Federal Land Bank of Columbia. At the sale plaintiff had made the only bid in the amount of $106,422 ($700 per acre).

At the hearing plaintiff's sole witness testified that he had appraised the property and found that it had a true market value of $106,422, or $700 per acre, the exact amount of plaintiff's bid. The testimony of defendant's witnesses as to the true market value of the property ranged from $800 to $900 per acre.

The trial court found that the plaintiff acted in good faith in the advertisement and sale of the property, but also found that the plaintiff did not prove by a preponderance of the evidence that the sum of $700 per acre represented the true market value of the property. The court being of the opinion that the true market value of the property was in excess of the $700 per acre bid by plaintiff, did not confirm and approve the sale but did order that the plaintiff again advertise and sell the

property at public outcry within a reasonable time. *Held:*

1. Defendants appeal from that portion of the court's order which requires readvertisement and resale of the property. "... The court may, *for good cause shown,* order a resale of the property." (Emphasis supplied.) Code Ann. § 67-1505 (Ga. L. 1935, p. 381). Defendants contend that no evidence has been introduced as to "good cause" and that, therefore, the trial court erred in ordering the resale of the property. A failure to sell for true market value constitutes good cause for ordering a resale. *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, 234 (2, 3) (230 SE2d 324); *Adams v. Gwinnett Commercial Bank,* 238 Ga. 722 (235 SE2d 476); *Davie v. Sheffield,* 123 Ga. App. 228, 230 (180 SE2d 263).

2. Plaintiff's cross appeal contends that the court erred in its findings of fact that the property was not sold for its true market value and that consequently the court erred by refusing to confirm and approve the sale.

It is true that as a general rule the price brought at a public sale, after proper and lawful advertisement, is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale, and evidence of what the land sold for at the public sale is admissible on the question of the value of such land. But the applicant for confirmation of the sale under the terms of Code Ann. § 67-1503 et seq. (Ga.L. 1935, p. 381), may not rely solely upon the prima facie showing, but must introduce further evidence showing the value of the property. *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238). Plaintiff attempted to do this by introducing its sole witness who testified as to the results of the appraisal he conducted of the property.

Plaintiff's evidence was rejected, however, by the trial court in favor of the conflicting evidence presented by defendants. Here, the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them. *West v. West,* 228 Ga. 397 (185 SE2d 763); *Thompson v. Maslia,* 127 Ga. App. 758, 764, supra. The findings and conclusions of the trial court are clearly supported by the

evidence and should not be disturbed.

In reaching this conclusion we note that the holding in *Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101, 102 (225 SE2d 460), has been expressly overruled and disapproved in *F. D. I. C. v. Ivey-Matherly Const. Co.,* 144 Ga. App. 313. *Wachovia* would allow the rejection of the prima facie market value established by public sale only when the price realized is grossly inadequate and the sale is accompanied by either fruad, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price. That holding is supported only by a misapplication of *Giordano v. Stubbs,* 228 Ga. 75, 79 (3) (184 SE2d 165), which is not a confirmation of sale case but is an equitable proceeding to set aside the sale. The transmutation of the standard applied in the action to set aside a sale to this, a confirmation of sale action, undermines the intent of the legislature in providing for separate analysis of the value of the property apart from the sum bid at the public sale. See *Davie v. Sheffield,* 123 Ga. App. 228, supra; *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, 234 (3), supra.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 23, 1977 — REHEARING DENIED DECEMBER 16, 1977 —

*McCurdy & Candler, George H. Carley,* for appellants.

*Preston & Allgood, William Lee Preston,* for appellee.