### 57074. FLEMING et al. v. FEDERAL LAND BANK OF COLUMBIA.

WEBB, Judge.

In this confirmation proceeding the land foreclosed was initially sold in October, 1976 for $106,422, or $700 an acre, which the trial court found was not proven to be the true market value. Confirmation was denied and resale ordered. This court affirmed under the "any

evidence" rule in *Fleming v. Federal Land Bank,* 144 Ga. App. 371 (241 SE2d 271) (1977). At the resale on April 4, 1978, the Land Bank again was the only bidder for the price of $106,500. This sale was confirmed in a fifteen-page order containing findings of fact and conclusions of law. The trial court found that there was conflicting evidence as to the true market value of the land, that the Land Bank had not acted in bad faith and concluded that the foreclosure sale price of $106,500 was the true market value, or greater than the true market value on that date. We affirm.

1. The trial court was not required to deny confirmation under the doctrine of estoppel by judgment just because it was the opinion of the judge in the first confirmation proceeding that the true market value of the land on the date of the first foreclosure sale was in excess of $700 an acre. "The issue in a confirmation proceeding is whether the property sold brought, *at the time of the sale* its 'market value,' . . . 'What it may have brought or what it may have been regarded as being worth on the market at times relatively close to the date of sale may be considered as aids in arriving at market value *at the time of sale* . . .,' but even where there is evidence in the record of a different value after the sale, this is not controlling; '[i]f that were true a confirmation could always be attacked because of a subsequent change in value.' [Cit.]" *Smith v. Andrews,* 139 Ga. App. 380, 381 (228 SE2d 320) (1976).

2. Since the evidence was conflicting as to whether the value of the property had increased between October, 1976 and April 4, 1978, confirmation of the sale and refusal to order a resale have not been shown to be reversible error. "In *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238), it was held: 'The judge sits as a trior of fact, and his findings and conclusions have the effect of a jury verdict. "Where the trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it" . . . What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trior of fact (here the judge) is

the judge of the credibility of the witnesses and of the weight to be given the evidence.' Accord, *Classic Enterprises, Inc. v. Continental Mtg. Investors,* 135 Ga. App. 105, 106 (2) (217 SE2d 411); *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460)." *Federal Deposit Ins. Corp. v. Ivey-Matherly,* 144 Ga. App. 313, 316 (241 SE2d 264) (1977). Therefore since there is some evidence to support the judge's findings, based upon conflicting evidence, they will not be disturbed by this court.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 9, 1979 — REHEARING DENIED JANUARY 25, 1979 —

*McCurdy & Candler, George H. Carley,* for appellants.

*Preston & Allgood, William L. Preston,* for appellee.