### 57047. FIVE DEE RANCH CORPORATION v. FEDERAL LAND BANK OF COLUMBIA.

WEBB, Judge.

Five Dee, as the respondent in a confirmation proceeding in which confirmation was denied, seeks on appeal to have this court reverse the trial court's refusal to order a resale of the property involved. We affirm.

On November 6, 1974, John C. Pierce and Linda C. Pierce executed and delivered to the Land Bank a promissory note in the principal amount of $110,000 and a deed to secure debt conveying a secured interest in a house and 38 acres of land in Spalding County. On March 26, 1975 this property was conveyed to Five Dee subject to the indebtedness owing to the Land Bank. The debt became in default, and pursuant to the power of sale contained in the deed to secure debt, the Land Bank properly advertised the sale of the property for four consecutive weeks immediately prior to the sale date named therein, the first Tuesday in December, 1977. At the public sale the

property was sold to the Land Bank, which entered the only bid, for $127,293.58, the total amount of the indebtedness and other recoverable expenses.

Although it was not entitled to deficiency relief the Land Bank nonetheless applied for judicial confirmation of the sale pursuant to Code Ann. §§ 67-1503 ⁻ 67-1506, which, after a hearing, was granted by order of February 17, 1978. Subsequently, on April 3 the trial court on its own motion entered an order suspending the February 17 judgment because of the decision of this court on February 23 of *Fleming v. Federal Land Bank,* 144 Ga. App. 371 (241 SE2d 271) (1977), disapproving authority upon which it had relied. The parties were provided the opportunity to present further argument relative to the evidence of value in light of the *Fleming* case, and after reviewing all contentions the trial court on May 16 entered the order here appealed denying confirmation of the sale, but declining to order a resale of the property.

1. Five Dee insists that the trial court abused its discretion in refusing to order the property resold pursuant to Code Ann. § 67-1505 because "good cause" was shown in that (a) the legal advertisement failed to contain the name of the party in possession as required by Code § 39-1101; (b) the property was not sold for true market value; and (c) the property was not properly described in the legal advertisement. All of these arguments are without merit.

(a) "The advertisement of sale showing the property was being sold as the property of the grantor in the deed to secure debt containing the power of sale under which the property was being advertised does not void the sale merely because the grantor in the deed to secure debt had, prior thereto, sold its equity of redemption to another subject to the deed to secure debt; nor is such sale void because the name of the party or parties in possession was not stated in the advertisement. [Cit.]" *Jonesboro &c. Assn. v. Donnelly,* 141 Ga. App. 780, 784 (3) (234 SE2d 349) (1977).

(b) The description used in the advertisement by the Land Bank for public sale of the property was the same as that contained in the security deed and specifically referred to a survey plat duly recorded and incorporated

by reference into the description. This was sufficient. Code Ann. § 29-423; *Furney v. Dukes,* 226 Ga. 804 (177 SE2d 680) (1970).

(c) Five Dee contends that it introduced testimony showing value far in excess of the bid price paid by the Land Bank at the public sale. Not only was this witness not qualified as an expert, his evaluation of the property was as of the date of the hearing and not, as required, as of the date of the public sale. *Smith v. Andrews,* 139 Ga. App. 380 (228 SE2d 320) (1976).

2. Five Dee enumerates as its second error the trial court's failure to order a resale after denying confirmation. While Code Ann. § 67-1505 states that "the court may, for good cause shown, order a resale of the property" if confirmation of the sale is refused, the language of the confirmation procedure provisions "places the burden of proof upon the mortgagee and also vests considerable discretion in the judge." *Thompson v. Maslia,* 127 Ga. App. 758, 762 (2) (195 SE2d 238) (1972). The evidence adduced at the hearing showed that other parties were present at the public sale, at least one of whom was an adjoining landowner. It can be thus inferred that the Land Bank's bid price was high enough to discourage further bids and that a resale would have no assurance of resulting in any increase. Nor was there any need for, or was the Land Bank entitled to, debtor relief. Cf., *First Nat. Bank &c. Trust Co. v. Kunes,* 230 Ga. 888 (199 SE2d 776) (1973). Where no "good cause" has been shown which would demand a resale, there is no abuse of the exercise of the trial court's discretion, as a matter of law. *Adams v. Gwinnett Commercial Bank,* 238 Ga. 722 (235 SE2d 476) (1977); *Federal Deposit Ins. Corp. v. Ivey-Matherly Const. Co.,* 144 Ga. App. 313, 317 (2) (241 SE2d 264) (1977).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

Submitted January 3, 1979 — Decided January 11, 1979 — Rehearing denied January 23, 1979 —

*Arnold S. Kaye, Mike Goldgar,* for appellant.

*Adams, Barfield & Dunaway, David B. Dunaway,* for appellee.