57336. HOMES OF TOMORROW, INC. et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION et al.

WEBB, Presiding Judge.

After sale under the power in their deed to secure debt, Federal Deposit Insurance Corporation, as liquidator of Hamilton National Bank of Chattanooga, and Kyle R. Weems, as trustee of Hamilton Mortgage Corporation, applied for confirmation pursuant to Code Ann. §§ 67-1503—67-1506. Hearing thereon was held, and the trial court found that the appellees exercised good faith in obtaining appraisals, which were made by on-site inspections and confirmed to appellees by telephone prior to the public sale. He concluded that while the sale did not bring the true market value of the property so that the sale should not be confirmed, nevertheless appellees had

acted in good faith, and the trial court consequently ordered a resale. Homes of Tomorrow, Inc., grantor in the security deed, and Stephen R. Been, guarantor, have appealed that order.

Homes and Been assert that the trial court erred (1) in ordering a resale because (a) the court had no authority to revive the power of sale under the deed to secure debt; (b) appellees had waived their rights to a resale; and (c) neither appellants nor appellees will benefit from resale. Appellees further contend that the trial court erred (2) in its conclusion that "good cause" existed for ordering a resale, and (3) in ordering a resale without permitting appellants to present evidence on the issue of default, thereby denying them "their rights of due process."

We find no merit in any of these enumerated alleged errors, and affirm.

1. Code Ann. § 67-1505 relating to confirmation of sales under power in deeds to secure debt specifically provides: "The court may, for good cause shown, order a resale of the property." There is no requirement that the deed to secure debt itself must authorize a resale. Authority to order a resale pursuant to Code Ann. § 67-1505 has been consistently recognized. *Adams v. Gwinnett Commercial Bank,* 238 Ga. 722 (234 SE2d 476) (1977); *Fleming v. Federal Land Bank,* 144 Ga. App. 371, 372 (1) (241 SE2d 271) (1977).

2. There was no waiver by appellees of their right to a resale. Appellants contend that appellees made an election to foreclose by sale and confirmation rather than by suit on the note. A secured creditor has an option of either proceeding to suit on the note, or of foreclosure by exercise of the power of sale, seeking confirmation and then suing for the deficiency. *Trust Investments &c. Co. v. First Georgia Bank,* 238 Ga. 309, 310 (1) (232 SE2d 828) (1977). Indeed the creditor may utilize the alternatives concurrently until the debt is satisfied. *Brown v. Georgia State Bank,* 141 Ga. App. 570, 571 (234 SE2d 151) (1977).

There is no requirement in the statute or otherwise that the grantee exercising the power of sale announce that the sale is subject to confirmation, or to delay transfer of the property until the confirmation is obtained.

3. A resale of the property will be of benefit to

appellants and appellees. "The confirmation of sale statute is designed to protect a debtor from a deficiency judgment when the involuntary sale brings less than the true market value. A failure to sell for the true market value constitutes good cause for ordering a resale. *Davie v. Sheffield,* 123 Ga. App. 228 (180 SE2d 263). Thus we hold that in every confirmation of sale case, the issue of a resale is always raised regardless of whether it has been affirmatively pleaded in plaintiff's complaint if the defendant is afforded the opportunity to defend against confirmation as well as against a resale." *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233, 234 (230 SE2d 324) (1976) affd. 238 Ga. 722, supra.

4. The trial court found that the property sold did not bring its true market value as of the date of the foreclosure sale. That in itself constituted good cause for ordering a resale. *Fleming v. Federal Land Bank,* 144 Ga. App. 371, supra.

"In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.] What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence." *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460) (1976); *Grizzle v. Federal Land Bank,* 145 Ga. App. 385, 387-388 (244 SE2d 362) (1978).

5. Default is not an issue in confirmation proceedings. *Grizzle v. Federal Land Bank,* 145 Ga. App. 385, 390, supra, and cits.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED MARCH 13, 1979.

*Friedman, Haslam & Weiner, Ronald E. Ginsberg,* for appellants.

*Dickey, Whelchel, Miles & Brown, J. Thomas*

*Whelchel, Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III,* for appellees.