## 57420. HOOVER & MORRIS DEVELOPMENT COMPANY, INC. et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

BANKE, Presiding Judge.

In this appeal from a confirmation proceeding, the appellant has two complaints. First, it contends that since there had been a previous confirmation proceeding involving the same property, in which confirmation was denied and resale ordered, there is no legal basis for this second confirmation proceeding. Second, the appellant contends that the testimony of appellee's expert witness was inadmissible because it was based on "double hearsay and the opinion of another." *Held:*

1. To hold for appellant on its first contention would require a ruling that a "resale" is not a "sale." Code Ann. § 67-1505 provides: "The court shall direct notice of the hearing to be given the debtor at least five days prior thereto, and at the hearing the court shall pass upon the legality of the notice, advertisement, and regularity of the sale. The court may, for good cause shown, order a resale of the property." The appellant argues that if the legislature wished to provide for confirmation after resale when confirmation was originally denied, it would have done so explicitly. We do not agree that this is either a logical or reasonable assumption. Accord, *F. D. I. C. v. Ivey-Matherly Const. Co.,* 144 Ga. App. 313 (241 SE2d 264) (1977), and *Fleming v. Fed. Land Bank of Columbia,* 148 Ga. App. 765 (252 SE2d 653) (1979), both of which upheld by implication the validity of confirmation proceedings following judicially ordered resales. The first enumeration of error is without merit.

2. The appellee's expert gave an opinion as to value based on what is known as the "market data approach." In reaching a valuation by use of this method, other sales are compared to the one in question, with various ingredients as well as sale price influencing the comparison. The sales transactions used for comparison by the appellee's expert were obtained by the witness' partner, who in turn obtained the information from a data service. From an initial list of 30-40 transactions, the partner chose four sales which he considered comparable. The partner then

verified the sales. The witness used this information as the basis for the report which he prepared, and the opinion testimony he gave in court. We find no error. It is axiomatic that an expert, in utilizing his expertise, may base his opinion as to value upon hearsay. See, e.g., *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716) (1927); *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634 (2) (127 SE2d 715) (1962).

*Judgment affirmed. Smith and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MAY 8, 1979.

*Somers & Altenbach, John W. Gibson, David W. Drake,* for appellants.

*Hansell, Post, Brandon & Dorsey, Thomas E. Prior, Lowell H. Hughen,* for appellee.