### 53694. MALLETT v. FULFORD.

QUILLIAN, Presiding Judge.

This appeal was brought from a judgment confirming a sale pursuant to foreclosure proceedings. The following facts gave rise to the action in question. On August 4, 1973, the defendant executed a deed to secure debt and note to the plaintiff in the amount of $136,000 on certain lands in Carroll County on which was located the Twin Oaks Mobile Home Park, containing 38.3 acres of land, forty-two mobile home pads, a frame house, and seven mobile homes. The sales price of the property was $160,000, with $24,000 being paid as a down payment, leaving a balance of $136,000, as witnessed by the above-mentioned deed to secure debt and note.

The note and deed to secure debt provided that only the interest thereon would be paid for the first five years, then equal installments on the principal and interest were to be paid until the same was paid in full in the year 1988. The only payment of interest made was that due in the year 1974, the balance being in default.

The plaintiff then brought foreclosure proceedings in Carroll County and the property was sold in November, 1975, for the sum of $122,000, the plaintiff being the purchaser.

Beside setting forth the above, the trial judge in his order recited: (1) "On the hearing of said matter, the plaintiff testified that the original sales price of $166,000.00 [sic] was for the purchase of 38.3 acres of land, a frame house, 42 mobile home parking pads, and for seven trailers. He also testified that defendant had since assuming possession thereof allowed said trailer park and the trailers to become deteriorated. (2) Plaintiff's expert witness testified at said hearing that the fair market value of said property as of the date of its foreclosure on the first Tuesday in November 1975, was in the amount of $136,000.00 [sic], including the 38.3 acres of land, frame house, 42 mobile home pads, and seven mobile homes."

Based on conclusions of law which need not be detailed, the trial judge found that the sale price for the property was its true market value. The defendant attacks the correctness of that ruling. *Held:*

1. We have carefully examined the record and have determined that finding of fact No. 2 was without evidence to sustain it. An expert witness testified, but only generally with regard to market conditions, and not specifically as to value of the property in question. For this reason alone the judgment must be reversed since the finding was "clearly erroneous." CPA § 52 (Code Ann. § 81A-152; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

2. The plaintiff testified as to value, but he was not qualified as an expert. Under *Hoard v. Wiley,* 113 Ga. App. 328 (1b) (147 SE2d 782): "An owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons' therefor' or else showing that he has had 'an opportunity for forming a correct opinion.' "

Choosing from his testimony the most precise version, we quote the following testimony of the plaintiff. "Now, the other way I did it, to cross-check myself, I appraised in my mind the land. There was 38.3 acres and I used a thousand dollar an acre figure there to cross-check what I, what I came up with here that came up to $38,000, and I had the house in on this appraisal on a square foot basis and this came up to $19,500, and I used 42 developed pads in the park at $1,200 a pad and it was $50,400 and then I listed individually seven different mobile homes

and they were $14,050 combined. And, when I added that up, I came up to a $121,950."

As can be observed this was a very detailed recital of how the plaintiff arrived at the total figure but no adequate explanation of how he arrived at the value of the components. *Sisk v. Carney,* 121 Ga. App. 560, 563 (174 SE2d 456). In short, here there is a quantitative evidence but an absence of qualitative.

While certainly sufficient to show some value, the evidence was insufficient for the trial judge to accurately ascertain the true market value so as to make a determination under Code Ann. § 67-1504 (Ga. L. 1935, p. 381).

For this further reason, we remand for hearing on the question of value, at which the parties are free to introduce additional evidence in this regard.

*Judgment reversed and remanded. Shulman and Banke, JJ., concur.*

ARGUED APRIL 11, 1977 — DECIDED MAY 5, 1977.

*Noland & Coney, Robert J. Noland,* for appellant. *Hollis B. Johnson,* for appellee.