### 58019. THOMAS et al. v. HENRY.

BANKE, Judge.

This is an appeal from an order denying a petition for confirmation of a foreclosure sale on the ground that the property in question did not bring its true market value at the sale. See generally Code Ann. § 67-1503 et seq.

The appellee purchased the property in 1973 for approximately $4,000 an acre, giving back a note and security deed. The foreclosure sale took place on August 1, 1978. The appellants made the only bid and repurchased the property for $100,000, or approximately $1,800 an acre. The appellant who actually made the bid testified at the confirmation hearing that he would have been willing to go higher if necessary "to get the land back." He also testified that in 1973 the land was worth the $4,000 an acre which the appellee had paid for it. His only explanation for the decrease in value was an intervening recession. The appellants also presented the testimony of an expert value witness who stated that in his opinion the property was worth only $600 an acre on the date of the foreclosure sale.

The trial court ruled that this testimony failed to establish by a preponderance of the evidence that the appellants repurchased the property for its true market value. He thus denied the petition for confirmation. *Held:*

1. In *Darby & Assoc., Ltd. v. FDIC,* 141 Ga. App. 78 (3) (232 SE2d 615) (1977), this court ruled that the statement of a bidder that he was prepared to bid more at the foreclosure sale does not demand a finding that the market price was higher than the bid price. However, there is nothing in *Darby* which prohibits the trial court from considering such testimony as evidence that the bid price was in fact below the market price.

2. At a confirmation hearing, "the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them. [Cits.]" *Fleming v. Federal Land Bank* 144 Ga. App. 371, 372 (2) (241 SE2d 271) (1977). The testimony provided by the appellants in this case did not provide a satisfactory explanation for why the value of the land had dropped from $4,000 an acre to $600 an acre between 1973 and 1978. Furthermore, as noted in Division 1, supra, the trial court was entitled to consider the appellants' admission that they were willing to raise their bid as evidence that the market value was higher than the bid price. Thus, the trial court's finding that the property did not bring its true market value at the foreclosure sale will not be disturbed on appeal.

3. The appellants also enumerate as error the trial court's failure to "pass upon the legality of the notice, advertisement, and regularity of the sale," as required by Code Ann. § 67-1505. However, it is clear from the court's order that confirmation of the sale was not denied because of any mechanical defect in the foreclosure proceedings but because of the inadequacy of the appellants' bid. Thus any error in the court's failure to comply with Code Ann. § 67-1505 was harmless to the appellants.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED JUNE 14, 1979 — DECIDED JULY 16, 1979.

*Kinney, Kemp, Pickell, Avrett & Sponcler, Henry C. Tharpe, Jr., Murphy, Witcher & Murphy, Jack F. Witcher, Thomas B. Murphy,* for appellants.
*Fred A. Gilbert, Leonard S. Luckett,* for appellee.