## 62796. LAIRD v. PHENIX FEDERAL SAVINGS & LOAN ASSOCIATION.

SOGNIER, Judge.

Phenix Federal Savings and Loan Association (Phenix) filed an action for confirmation of sale of real estate under a power of sale contained in a deed to secure debt executed by Laird. Phenix foreclosed on the property when Laird defaulted on a promissory note in the amount of $800,000 which was secured by the subject property. Phenix, the only bidder at the public sale, purchased the property for $416,482.38. The trial court found that the property was lawfully and properly advertised for sale, that the sale was properly conducted, and that appellee's bid represented the true market value of the property at the time and place of sale. The trial judge confirmed the sale and we affirm.

Appellant contends that the trial court erred in confirming the sale because the purchase price of the property did not represent the fair market value of the land at the time of sale. A qualified real estate appraiser for Phenix testified that he had inspected the property and that, in his opinion, the true market value of the property was $375,000 at the time of sale in March 1981.

Appellant testified that he had purchased the property (an old mill) in 1977 for $150,000 and had extensively renovated the property so it could be used as a restaurant and shopping center. The renovations were completed in 1978; the restaurant and 75% of the shops were occupied and producing rental income for appellant. In

December 1980, the property suffered fire damage and all of the tenants except the restaurant vacated the premises. Prior to the fire, appellant testified that the property was worth $1,100,000. Appellant offered no evidence as to the market value of the property after the fire but admitted that such value was related to the income generated by the property.

"At a confirmation hearing, 'the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them. [Cits.]' *Fleming v. Federal Land Bank,* 144 Ga. App. 371, 372 (2) (241 SE2d 271) (1977)." *Thomas v. Henry,* 150 Ga. App. 792, 793 (258 SE2d 710) (1979); *Nat. Community Builders v. C & S Nat. Bank,* 232 Ga. 594, 596 (207 SE2d 510) (1974). The evidence is sufficient to support the trial judge's findings as to the true market value of the property at the time of sale. *Smith v. Andrews,* 139 Ga. App. 380, 381 (228 SE2d 320) (1976).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 25, 1982.

*Thomas F. Allgood, Robert L. Allgood,* for appellant.
*Ewell H. Elliott, Jr., E. Davison Burch,* for appellee.