73454. WHEELER v. COASTAL BANK.
(354 SE2d 694)

CARLEY, Judge.
After proper notice and advertisement, appellee — the Coastal

Bank (Bank), as the holder of a deed to secure debt containing the power of sale, conducted a non-judicial foreclosure sale of real property. The Bank purchased the realty at the sale for the sum of $127,000. As of the date of the sale, the amount of the underlying debt secured by the real property was $135,873.38. After the sale, the Bank initiated the instant confirmation proceeding. Appellant-debtor was given notice of the hearing and appeared to contest the confirmation of the sale.

After the hearing, the trial court entered its order, which contains the following relevant language: "There was testimony submitted and it was stipulated by the parties that two appraisers were of the opinion that the value of the property or the probable selling price would be $140,000.00 to $145,000.00. [The Bank's] appraiser testified that he assumed the seller would have to pay Thirteen Thousand Dollars ($13,000) estimated closing costs. . . . The court concludes . . . that the sum of $127,000.00 represents the true market value of the property, or is so close to the true market value of the property as to justify the court in confirming the sale. The court does *not* consider the estimated closing costs to be relevant. . . . Accordingly, it is the judgment of the court that the non-judicial sale . . . should be, and is hereby, confirmed." (Emphasis supplied.) Appellant appeals from this judgment confirming the Bank's sale of the realty.

1. Appellant enumerates the confirmation judgment as erroneous on the asserted basis that it is not supported by the evidence. "The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale." OCGA § 44-14-161 (b). "As a general rule the price brought at a public sale, after proper and lawful advertisement, is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale. [Cit.]. . . . But [this general rule does not apply here, for] under the terms of [OCGA § 44-14-161 (b),] the applicant . . . must introduce evidence showing the value of the property at the time of sale." *Thompson v. Maslia*, 127 Ga. App. 758, 764-765 (195 SE2d 238) (1972). The statute provides "for separate analysis of the value of the property apart from the sum bid at the public sale. [Cits.]" *Fleming v. Fed. Land Bank*, 144 Ga. App. 371, 373 (2) (241 SE2d 271) (1977). Accordingly, the issue for resolution is whether, other than the foreclosure sale price, the Bank introduced sufficient evidence to authorize the trial court's finding that $127,000 was the true market value of the property on the date of the sale.

In apparent reliance upon the "right for any reason" rule, the Bank asserts on appeal a position that was specifically rejected by the trial court. The Bank's position is, in essence, that the judgment con-

firming the sale for $127,000 should be affirmed because that figure may be derived by subtracting from $140,000 (that being the lowest expert opinion as to "the value of the property or the probable selling price") the sum of $13,000 (that being the amount of estimated expenses and closing costs). According to the Bank, first estimating the expenses and closing costs, then attributing full responsibility for their payment to the seller, and finally deducting them from the amount that the buyer has agreed to pay for the property is an accurate reflection of the property's "true market value."

However, " 'market value is *the price which [the property] will bring* when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who wishes to buy, but is not under a necessity to do so.' [Cit.]" (Emphasis supplied.) *Wachovia Mtg. Co. v. Moore*, 138 Ga. App. 101, 102 (225 SE2d 460) (1976), overruled on other grounds, *Federal Deposit Ins. Corp. v. Ivey-Matherly Constr. Co.*, 144 Ga. App. 313 (241 SE2d 264) (1977). The focus of this definition is the price that two parties agree will be paid for the property itself, without consideration of such collateral issues as the financial responsibility for or the nature and amount of expenses and closing costs to be paid to others in connection with buying or selling it. Accordingly, the trial court correctly ruled that the Bank's evidence of estimated expenses and closing costs was not relevant.

" 'The primary issue at a hearing for confirmation of a foreclosure sale under power, which is a condition precedent to an action for deficiency judgment, is a judicial ascertainment that the property brought at least its true market value on the foreclosure sale. [Cit.]' " *Walker v. Northeast Production &c. Assn.*, 148 Ga. App. 121, 122 (251 SE2d 92) (1978). In the instant case, there was no construction of the evidence which would authorize a finding that the sum of $127,000 was "at least" the true market value of the property on the date of the sale. Every construction of the evidence, including that offered by the Bank, would show that the property's true market value was "at least" greater than $127,000. The trial court has considerable discretion in the conduct of a confirmation hearing and in determining the relief to be afforded. See *Thompson v. Maslia*, supra at 762 (2). However, the finding of the trial court, as the trior of fact, must be supported by some evidence. See *Thompson v. Maslia*, supra at 764 (4). In the instant case, "[w]hile certainly sufficient to show some value, the evidence was insufficient for the trial judge to . . . ascertain [that the foreclosure sale price represented at least] the true market value [of the property] so as to make a determination [to confirm the sale] under [OCGA § 44-14-161 (b)]." *Mallett v. Fulford*, 142 Ga. App. 200, 202 (235 SE2d 650) (1977). The burden of proof in this regard was upon the Bank. There being no evidence to authorize a finding that the Bank met its burden of proof, it follows that the trial

court erred in confirming the sale.

2. Reversal of the judgment of confirmation for the reasons discussed in Division 1 of this opinion renders further discussion of appellant's remaining enumeration of error unnecessary.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 11, 1987.

*James W. Smith*, for appellant.
*A. G. Wells, Jr.*, for appellee.