77517. FIRST NATIONAL BANK OF LOUISVILLE, KENTUCKY v. CHILDRESS-ROSS PROPERTIES, INC. et al.
(377 SE2d 533)

BANKE, Presiding Judge.

This appeal is from the denial of an application seeking the confirmation of certain foreclosure sales conducted under the power of sale provisions contained in seven separate security deeds. See generally OCGA § 44-14-161. The properties at issue consist of a total of 12 residential condominium units located in five different buildings in a

development known as Roswell Landings. The appellant was the only bidder at the foreclosure sales and took title to the units on the basis of bids totalling $714,831.36, an amount which was less than the total balance owed on the loans secured by the seven security deeds. The appellees presented expert opinion testimony to the effect that the total value of the properties at the time of the sale had been $884,975. While acknowledging that the total value of all the properties would exceed the total amount bid at the foreclosure sales if the properties were disposed of separately, the appellant's expert testified that the total market value of the units would be only about $655,000 if sold collectively to a single purchaser.

At the hearing on the confirmation petition, the appellant took the position that because of the added expenses which would be incurred if the properties were sold individually, their true market value was more accurately reflected by the "wholesale" price which they would bring if sold together. However, the trial court rejected this method of valuation, concluding that because they "were handled by separate security instruments, separate loans, separate legal descriptions, and separate appraisals," the properties involved in each of the seven foreclosure sales would have to be considered separately. Based on that conclusion, the court found that the total market value of all the properties at the time of the foreclosure sales was "substantially higher" than the $714,000 bid by the appellant, and he thus denied the application for confirmation. *Held*:

The appellant argues that if it marketed and sold the 12 properties individually, it would lose the time value of the money tied up in them and would incur additional expenses for such items as condominium fees, insurance premiums, taxes, marketing fees, brokers' fees, management and administrative costs, and closing costs. Hence, it maintains that if the properties are to be valued at their "retail" rather than their "wholesale" price, their "true market value" ought to be determined by deducting these "necessary" costs from the total amount a willing purchaser would pay for the properties.

In *Wheeler v. Coastal Bank*, 182 Ga. App. 112 (354 SE2d 694) (1987), this court rejected a virtually identical contention by a lender in a confirmation proceeding, holding that "[t]he focus of [the] definition [of market value] is the price that two parties agree will be paid for the property itself, without consideration of such collateral issues as the financial responsibility for or the nature and amount of expenses and closing costs to be paid to others in connection with buying or selling it." Id. at 114. A contrary conclusion was not expressed in *Marion G. Davis, Inc. v. Cameron-Brown Co.*, 177 Ga. App. 646 (340 SE2d 216) (1986). In that case, there was only one security deed, pertaining to an entire, partially constructed condominium complex. Noting that the security deed contained no language requiring the

lender to sell the property in individual units, the court simply held that the superior court was not required to add together the true market values of each of the separate units but was permitted to treat the property as a "single investment opportunity" in determining its true market value. Id.

"At a confirmation hearing, 'the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them. [Cits.]' *Fleming v. Federal Land Bank*, 144 Ga. App. 371, 372 (2) (241 SE2d 271) (1977)." *Thomas v. Henry*, 150 Ga. App. 792, 793 (2) (258 SE2d 710) (1979). Since the appraisals offered by both parties supported the trial court's conclusion that the market value of the units involved in the present case had exceeded the amount bid for them at the foreclosure sales, we hold that the trial court did not err in denying the confirmation petition.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989.

*Troutman, Sanders, Lockerman & Ashmore, Mitchell S. Rosen,* for appellant.

*Thomas S. Bentley, Edwin A. Tate,* for appellees.