A90A0001, A90A0002, A90A0003. WILSON et al. v.
METROPOLITAN FEDERAL SAVINGS & LOAN
ASSOCIATION.
(396 SE2d 546)

Pope, Judge.

Appellants L. Don and Sadricia A. Wilson (the Wilsons) purchased three condominium units in 1984. When the Wilsons defaulted on their notes, appellee Metropolitan Federal Savings & Loan Association (Metropolitan) foreclosed on the properties. The only issue in these appeals is whether the prices paid for the properties were the true market values of the properties on the date of the foreclosure sale. OCGA § 44-14-161 (b).

Metropolitan purchased the three condominium units at the foreclosure sale for $52,000, $52,250, and $46,250, respectively. At the confirmation hearing, Metropolitan relied upon appraisals of the properties made four days before the foreclosure sale, indicating market values of each property as $250 less than what Metropolitan actually paid. The Wilsons relied upon appraisals, made over four months after the foreclosure sale and after considerable improvements had been made, that indicated true market value of $60,000, $60,000 and $52,000, respectively. In confirming the foreclosure sales, the trial court found the appraisals presented by Metropolitan to be "reasonable and credible and supported by comparable market sales. . . ." We agree and affirm. The record shows that Metropolitan's expert appraiser presented evidence of three comparable sales regarding each unit. In each instance, two of the comparables involved special financing and the value was adjusted downward by the appraiser to account for that fact. In *Wheeler v. Coastal Bank*, 182 Ga. App. 112 (354 SE2d 694) (1987), this court held that in determining market value of property, considerations of "such collateral issues as the financial responsibility for or the nature and amount of expenses and closing costs to be paid to others in connection with buying or selling it" are irrelevant. Id. at 114. See also *First Nat. Bank v. Childress-Ross Properties*, 189 Ga. App. 765 (377 SE2d 533) (1989). Thus, if these comparables were the only evidence supporting the trial court's confirmation, reversal would be necessary. However, there is additional evidence. On units 41 and 24, the three-bedroom condominiums, Metropolitan's appraiser presented evidence of a comparable sale that in-

volved no special financing that was valued at $51,900. On the two-bedroom unit, No. 13, there was evidence of a comparable that involved no special financing that was valued at $45,800. Additionally, another expert for Metropolitan testified that had Metropolitan had his company appraise the properties after renovation, as did the expert for the Wilson's, the appraisals would have been virtually identical. However, his expert opinion was that without the renovation the value of the three-bedroom units was reduced by $10,000 and the two-bedroom unit by $8,500. The resulting figures were less than the bid prices. "At a confirmation hearing, the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them." (Punctuation and citations omitted.) Id. at 767.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Land, McKnight, Newlin & Cohen, Robert H. McKnight*, for appellants.

*Hyatt & Rhoads, Debra L. Mixon, David A. Herrigel*, for appellee.