A91A1347. GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION v. BELUE.
(411 SE2d 894)

Judge Arnold Shulman.

After foreclosing on two adjacent, virtually identical townhomes owned by the appellee in the same development, the appellant applied to superior court pursuant to OCGA § 44-14-161 (a) for confirmation of the foreclosure sales. In each case, the appellant had acquired the property at the foreclosure sale for a bid of $44,000. Concluding that the appellant had failed to establish by a preponderance of the evidence that this represented the true market value of the two properties at that time, the trial court declined either to confirm the sales or to order a resale of the properties pursuant to OCGA § 44-14-161 (b). This appeal followed.

The appellant introduced expert opinion testimony to the effect that $44,000 represented the fair market value of each of the properties at the time of foreclosure, based on the sale price the appellant had received for three comparable townhomes in the development which it had acquired by foreclosure and resold approximately a year earlier. However, in arriving at this valuation, the appellant's expert had reduced the sale price of these comparable units by some $2,000 to $3,000 each to reflect the fact that the appellant had paid the discount points and closing costs on those transactions. In its written order declining to confirm the foreclosure sales, the trial court indicated that it had rejected the opinion testimony offered by the appellant's expert based in part on this court's holding in *Wheeler v. Coastal Bank*, 182 Ga. App. 112 (1), 114 (354 SE2d 694) (1987), to the effect that market value is to be determined "without consideration of such collateral issues as the financial costs to be paid to others in connection with buying or selling [the property]." The appellee introduced expert opinion testimony from two appraisers to the effect that the market value of the subject properties at the time of foreclosure was approximately $58,000.

1. The appellant contends on appeal that the court erred in considering the holding in *Wheeler* to be controlling in the present situation. However, it is clear that the court did not reject the testimony of the appellant's expert based merely upon the holding in *Wheeler*.

Rather, the court also relied upon the valuations placed on the subject properties by the appellee's experts, which exceeded the valuation arrived at by the appellant's expert by more than 30 percent. We note in this connection that all of the comparable sales upon which the appellant's expert relied had occurred approximately a year prior to the foreclosure of the subject properties, while those relied upon by the appellee's experts had occurred within only a few months thereof. Indeed, the appellant's expert acknowledged on cross-examination that between September of 1989 and May of 1990, when the foreclosure sales at issue took place, "there was never a sale of any unit of any size [in the development] for $44,000 or less."

"In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.] What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence. [Cits]." *American Century Mtg. Investors v. Strickland*, 138 Ga. App. 657, 661 (227 SE2d 460) (1976). Accord *Wilson v. Metro. Fed. &c. Assn.*, 196 Ga. App. 588 (396 SE2d 546) (1990). Under the circumstances, we conclude that the first enumeration of error establishes no ground for reversal.

2. The trial court is authorized by OCGA § 44-14-161 (c) to order a resale of the property "for good cause shown." It has been held that this statute confers upon the trial court a legal discretion in determining whether to order a resale. *Federal Deposit Ins. Corp. v. Ivey-Matherly &c. Co.*, 144 Ga. App. 313, 317 (2) (241 SE2d 264) (1977). There was evidence in this case that the market value of the other properties in the townhome development had declined subsequent to the foreclosure sales, due in part to the appellant's failure to maintain the numerous other units therein which it had acquired by foreclosure. Under such circumstances, the trial court did not abuse its discretion in refusing to order a resale of the properties.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1991.

*Jones & Jones, D. R. Jones, Greg B. Walling*, for appellant.
*Rice & Keene, Kirk W. Keene*, for appellee.