A92A2356. GENERAL MOTORS ACCEPTANCE CORPORATION v. NEWTON et al.
(429 SE2d 120)

BLACKBURN, Judge.

The appellant, General Motors Acceptance Corporation, petitioned the trial court for confirmation of the sale of certain commercial property purchased by the appellant at a non-judicial foreclosure sale. The appellant foreclosed upon the property pursuant to a power of sale contained within a deed to secure the indebtedness of a promissory note executed by the appellees, Herb and Beverly Newton, in favor of the appellant. After a hearing, the trial court found that the appellant's evidence was insufficient to satisfy the court that the property sold brought its true market value at the foreclosure sale and therefore, denied the appellant's request for confirmation of the sale. On appeal, the appellant contends that the court erred in denying confirmation because the evidence was sufficient to establish that the sale brought the fair market value of the property sold, and erred in admitting the opinion evidence of appellee Herb Newton, as to the fair market value of the property.

On August 31, 1990, the appellees executed a promissory note in the amount of $1,258,000 in favor of the appellant and a Deed to Secure Debt, on 11.99 acres of commercial property located in Fulton

County for the operation of an automobile dealership. As a result of the appellees' failure to timely repay the indebtedness according to the terms of the promissory note, the appellant instituted foreclosure proceedings pursuant to the power of sale contained in the security deed. The sale was advertised once a week for a four-week period prior to the sale date of October 1, 1991. At the non-judicial foreclosure sale of October 1, 1991, the property was sold to the appellant for a bid of $785,000, although the underlying debt secured by the property was $1,926,192 as of the date of the sale. After the sale, the appellant initiated the confirmation proceeding herein involved.

At the confirmation hearing, the appellant presented the testimony of Mack Bissette, a real estate appraiser who had appraised approximately five automobile dealerships within the three years immediately preceding the hearing, four of them for the appellant. In July 1991, Bissette inspected the property in question and on August 20, 1991, submitted a written appraisal of the property to the appellant. He also reinspected the property prior to the foreclosure sale and found the property to be in substantially the same condition. Bissette opined that the true market value of the property was $785,000 based upon the market approach to evaluating property. In using the market approach, Bissette analyzed approximately 12 sales in the Atlanta area and placed great emphasis on a sale of property in the immediate vicinity of the property in question. However, he admitted that the sale that he emphasized involved a much smaller property on which the structure was inferior, its suitable use was different and there was atypical financing available and it did not involve the sale of a property used for an automobile dealership. There has not been a sale of similar commercial property in the area where the property is located since 1987.

On cross-examination, the expert admitted that most of the time his lender-ordered appraisals are below the value of the outstanding note. He also admitted that the ratio of land to building square footage considered in his calculations may be incorrect. He further admitted that the land value used in his calculation may also be incorrect and could result in an increase in the value of the property by as much as $75,000. The property had been appraised by the Fulton County and City of Atlanta Appraiser's Office for tax purposes in 1990 at $1,310,075 and in 1991, at $1,283,075.

A real estate agent who listed the property, testified that the property had been listed at $785,000 since November 1991. Although the property had been aggressively marketed, he had not received any written offers on the property but had received a verbal offer of $300,000.

Appellee Herb Newton testified that he has been involved in the automobile dealership business for approximately twenty years and

has owned five dealerships. In his opinion the property was worth $2,400,000.

The appellant contends that the trial court erred in finding that the evidence was insufficient to satisfy the court that the real property sold under the power of sale brought its true market value at the foreclosure sale, in denying confirmation, and in admitting evidence from Herb Newton on the issue of fair market value.

The primary issue at a confirmation hearing of a foreclosure sale under a power of sale contained in a deed to secure a debt is a judicial ascertainment that the property brought at least its true market value on the foreclosure sale. *Wheeler v. Coastal Bank*, 182 Ga. App. 112 (354 SE2d 694) (1987). What the market value of the property is under the circumstances is a question of fact to be resolved as others are and the weight to be given it is for the judge in the non-jury hearing. *Kent v. Scott Hudgens Realty & Mtg.*, 138 Ga. App. 30 (225 SE2d 447) (1976). " 'On appellate review, the test is not whether this court would have accepted appellant's expert appraisals as the most reliable and accurate, but whether the record contains any evidence to support the findings of the trial court. . . . Although the evidence was in conflict as to the market value of the property, the findings of the trial court are supported by the evidence and are not clearly erroneous.' [Cit.]" *Marett Properties v. Centerbank Mtg. Co.*, 204 Ga. App. 265, 267 (419 SE2d 113) (1992).

The trial court denied confirmation of the sale based upon the evidence presented at the hearing, including the testimony elicited from the expert witness on direct and cross-examination who admitted that his calculations could be incorrect by as much as $75,000. The trial court also considered the conflicting opinion evidence of appellee Herb Newton. Although the appellant contends that the court erred in admitting the opinion testimony of Newton, OCGA § 24-9-66 specifically provides opinion evidence on market value may be furnished by a non-expert who has had an opportunity for forming a correct opinion. As this court has recognized in *Dixon v. Williams*, 177 Ga. App. 702, 704 (340 SE2d 286) (1986), " '[t]he owner of property is considered to be qualified to state his opinion as to value. (Cits.)' " "The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court. [Cits.]" *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1, 5 (3) (292 SE2d 435) (1982). Newton testified as to his 20-year experience in the car dealership business and this experience was sufficient for the admission of his testimony on the market value of this property.

We conclude that the evidence was sufficient to support the trial court's denial of confirmation of the non-judicial foreclosure sale because the evidence did not show that the sale brought the true market

value of the property and accordingly, the decision of the trial court is without error.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1993.

*McCullough & Payne, John G. McCullough, Michael D. Payne,* for appellant.

*Phears & Moldovan, H. Wayne Phears, Darrin R. Schutt, Joseph D. Young, Steve J. Davis,* for appellees.