A08A0533. CARTERSVILLE DEVELOPERS, LLC v. GEORGIA BANK & TRUST.

(664 SE2d 783)

SMITH, Presiding Judge.

Cartersville Developers, LLC, appeals from the Bartow County Superior Court's order confirming a foreclosure sale by Georgia Bank & Trust. Because the trial court applied the wrong legal standard when confirming the foreclosure, we must vacate its order and remand this case for further proceedings.

"At a confirmation hearing, the judge sits as the trier of fact and his findings and conclusions have the effect of a jury verdict; therefore, the trial judge's findings should not be disturbed by this court if there is any evidence to support them." (Citations and punctuation omitted.) *Wilson v. Metro. Fed. S & L Assn.*, 196 Ga. App. 588, 589 (396 SE2d 546) (1990). The facts in this case are not disputed. Georgia Bank & Trust purchased 17 town homes built by Cartersville Developers at a foreclosure sale, paying $129,500 for each two-bedroom unit and $130,900 for each three-bedroom unit. A real estate appraiser hired by Georgia Bank & Trust testified that he valued the town homes at $128,600 for each two-bedroom unit and $130,000 for each three-bedroom unit. The appraiser acknowledged that in arriving at these values he made a $10,000 deduction because

---

the properties were "in foreclosure." According to the appraiser, his assignment included taking into account that the properties were under foreclosure and that "homes that sold in foreclosure tended to sell for approximately eight to twelve thousand dollars less than homes that were not under foreclosure that were similar competitive homes in the market." Georgia Bank & Trust submitted no other evidence demonstrating the specific fair market value of the town homes. A real estate appraiser hired by Cartersville Developers gave both the two-bedroom and three-bedroom units a value of $150,000.

During the confirmation hearing, Cartersville Developers argued that it was inappropriate for the superior court to consider the $10,000 foreclosure discount and that the minimum value for the units established by the evidence was approximately $140,000. The trial court rejected this argument and concluded that it was obligated only to determine if its "judicial conscience was shocked" by any disparity between the foreclosure sale price and the true market value.

Cartersville Developers asserts in this appeal that the trial court erred by confirming the sale based on an appraisal that discounted the value of the properties by $10,000 because they were in foreclosure. We agree.

The standard to be applied by a trial court in an action by a lender to confirm a foreclosure sale differs from that used in an equity action filed by the borrower to set aside a foreclosure sale. *Grizzle v. Fed. Land Bank of Columbia*, 145 Ga. App. 385, 388 (244 SE2d 362) (1978); *Fed. Deposit Ins. Corp. v. Ivey-Matherly Constr. Co.*, 144 Ga. App. 313, 315 (241 SE2d 264) (1977). A different rule applies because the lender's right to foreclose is governed by statute, OCGA § 44-14-161 (b), and a judicial confirmation "that the property brought at least its true market value on the foreclosure sale" is a condition precedent to the lender's right to obtain a deficiency judgment against the borrower. (Citations and punctuation omitted.) *Wheeler v. Coastal Bank*, 182 Ga. App. 112, 114 (1) (354 SE2d 694) (1987).

In an action brought by a borrower to set aside a foreclosure sale,

> [i]nadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity.

(Citations omitted.) *Giordano v. Stubbs*, 228 Ga. 75, 79-80 (3) (184 SE2d 165) (1971). The lender's right to obtain a deficiency judgment is not directly at stake in a motion to set aside a foreclosure sale.

A trial court cannot confirm a foreclosure sale, on the other hand, "unless it is satisfied that the property so sold brought its true market value." (Citation and footnote omitted.) *Wilson v. Prudential Industrial Properties*, 276 Ga. App. 180 (1) (622 SE2d 890) (2005). True market value "is the price that the property will bring when it is offered for sale by one who is not obligated, but has the desire to sell it, and is bought by one who wishes to buy it, but is not under a necessity to do so." (Citation and punctuation omitted.) Id. at 181 (1), n. 1.

Based on this definition, this court has previously found that a trial court erred by confirming a foreclosure sale based upon "evidence of the 'quick sale' value of the subject property because such a valuation does not reflect the price that would be obtained in a sale under the usual market conditions." (Citation omitted.) *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 261 (1) (424 SE2d 889) (1992). The appraiser's $10,000 foreclosure deduction in this case is precisely the type of valuation precluded by our opinion in *Gutherie*.

The trial court relied upon this court's opinion in *Darby & Assoc. v. Fed. Deposit Ins. Corp.*, 141 Ga. App. 78, 79 (232 SE2d 615) (1977), to confirm the foreclosure sale at issue here. In *Darby*, this court stated in dicta that

> [t]he purpose of confirmation hearings is to establish that the sale was fairly conducted and that any disparity between value and sale price, if it exists, is not such as to shock the judicial conscience. *Brooks v. Bast*, 242 Md. 350 (219 A2d 84, 15 ALR3d 1265, 1271) [(1966)]; *Giordano*, [supra].

Id. at 79 (1).

We find that the trial court erred in applying this language to confirm a judicial sale when no construction of the evidence would authorize a finding that the sale price was at least the true market value of the property. This language was impliedly overruled in *Ivey-Matherly Constr. Co.*, supra, where we held that the rule set out by the Georgia Supreme Court in *Giordano*, supra, should not be applied in proceedings to confirm a foreclosure sale, but only in equity cases to set aside a foreclosure sale. 144 Ga. App. at 315. We now expressly disapprove the use of the above-quoted language in *Darby*, supra, in actions to confirm a judicial sale where the evidence demonstrates that the sale price is not at least as much as the true market value of the property.

Because the trial court applied the wrong legal standard when determining whether to confirm the foreclosure sale, we vacate its order and remand this case to the trial court for further proceedings consistent with this opinion. *Wheeler*, supra, 182 Ga. App. at 114 (1); *Gutherie*, supra, 206 Ga. App. at 261-262 (2).

*Judgment vacated and case remanded with direction. Barnes, C. J., Ruffin, P. J., Johnson, P. J., Blackburn, P. J., Andrews, Miller, Ellington, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED JULY 1, 2008.

*Jenkins & Olson, Frank E. Jenkins III*, for appellant.
*Moore, Ingram, Johnson & Steele, Amy Woo Weber*, for appellee.