A10A0403. REL AND ASSOCIATES, LLC et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

(695 SE2d 370)

DOYLE, Judge.

This case arises from an application for confirmation of a foreclosure sale filed pursuant to OCGA § 44-14-161 by the Federal Deposit Insurance Corporation as receiver for Integrity Bank ("FDIC") against REL and Associates, LLC, REL Properties, Inc., and Robert E. Lanier (collectively "REL"). REL appeals the trial court's final order confirming the sale in the amount of $2,945,000, challenging the trial court's valuation of the property. Finding no error, we affirm.

The record reveals that Integrity Bank (for which the FDIC later became receiver under OCGA § 7-1-151) loaned REL $5,376,800 in exchange for a deed to secure debt, conveying to the Bank a

---

[7] 227 Ga. App. at 766 (1).
[8] See id. at 765-766 (1).

first-priority security interest in a tract of land consisting of 263.08 acres of undeveloped real estate in Rockdale County.[1] REL defaulted on the loan, and the FDIC elected to declare the outstanding debt immediately due and payable. The FDIC thereafter foreclosed on the property under a power of sale provision in the deed to secure debt. On June 2, 2009, the property was sold at auction to the FDIC, the highest bidder, for $2,945,000.

The FDIC then filed the instant application for confirmation of the sale, asking the trial court to find that the property sold for true market value.[2] After a hearing, the trial court confirmed the sale, finding that the true market value for the property was $2,630,000 — $315,000 below the FDIC's winning bid.

1. REL argues that the trial court erred by confirming the sale because there was no evidence that the property brought its true market value as of the date of the foreclosure sale as required by OCGA § 44-14-161. We disagree.

> Value on the date of sale is a factual question to be resolved by the trier of fact. In a proceeding for confirmation of a foreclosure sale of real property, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. Where the trial judge, sitting as the trier of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.[3]

"A trial court cannot confirm a foreclosure sale . . . unless it is satisfied that the property so sold brought its true market value [—] the price that the property will bring when it is offered for sale by one who is not obligated, but has the desire to sell it, and is bought by one who wishes to buy it, but is not under a necessity to do so."[4] Our review of the trial court's determination of true market value is "whether the record contains any evidence to support the findings of the trial court" and not whether the evidence upon which the

---

[1] REL Properties, Inc., and Lanier executed personal guaranties on the loan, upon which they defaulted.

[2] At the hearing, the parties stipulated that no issue existed as to advertisement, notice, or regularity of the sale.

[3] (Punctuation omitted.) *Trefren v. Freedom Bank of Ga.*, 300 Ga. App. 112, 113 (684 SE2d 144) (2009).

[4] (Citations and punctuation omitted.) *Cartersville Developers v. Ga. Bank & Trust*, 292 Ga. App. 375, 377 (664 SE2d 783) (2008).

findings were based is the most accurate.[5]

(a) REL first argues that the trial court erred by finding that the FDIC paid true market value for the property because the only testimony to support this finding was Dale Hayter's appraisal, which REL contends was calculated based on the flawed assumption that the property did not have sewer service. We disagree.

The record indicates that at the time of the foreclosure sale, the property did not have sewer service from the county and any purchaser would have had to acquire access.[6] Although Lanier testified that REL had constructed a sewer lift station to service an adjacent development and that the lift station also could have serviced the property in question, this testimony did not necessarily conflict with Hayter's conclusion that the property was without sewer service on the date of the foreclosure sale. Accordingly, this argument is not sufficient to show that the trial court erred in determining true market value of the property.

(b) REL also argues that the trial court erred by applying a "degree of deviation" analysis to determine the true market value of the property. It is clear from the record, however, that the trial court simply explained that of the four opinions of the property's value, Hayter's estimate was not an outlier. The trial court did not find, as REL contends, that $2,630,000 was "close enough" to true market value. Moreover, Hayter's testimony that the property was worth $2,630,000 was based on comparable sales and the particularities of this parcel of land, including topography and its effect on development, zoning designations and existing permits, and availability of sewer service and other utilities, among other things, and it is clear from the transcript that the trial court evaluated these factors when arriving at the determination of true market value.

Thus, because the appraiser's "opinion was not based on sheer speculation," we will not "second guess any methodology utilized to reach the opinion. The superior court had sufficient data in evidence upon which it could apply its own knowledge and ideas so as to derive its own opinion as to the market value of the property at the time of the sale."[7] Accordingly, REL's challenge is without merit.

2. REL also argues that the trial court erred in entering the confirmation order because the FDIC failed to report the foreclosure sale to a Rockdale County Superior Court judge within 30 days of the

---

[5] (Punctuation omitted.) *Marett Properties v. Centerbank Mtg. Co.*, 204 Ga. App. 265, 267 (419 SE2d 113) (1992).

[6] This was also testified to by Fred Straub, a witness called by REL, who explained that sewer access would have to be acquired from the county.

[7] (Punctuation omitted.) Id. at 267.

sale as required by OCGA § 44-14-161 (a). We disagree.

OCGA § 44-14-161 (a) states:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

Here, the record shows that the FDIC reported the foreclosure sale on July 2, 2009, within 30 days of the June 2, 2009 sale, to Rockdale County State Court Judge Nancy N. Bills, who was sitting by designation as a Rockdale County Superior Court judge. Judge Bills was authorized in a June 9, 2009 order by Judge David B. Irwin to sit by designation and hear his cases. REL contends that the report to Judge Bills was insufficient to meet the requirements of OCGA § 44-14-161 (a) because the case was later assigned to Superior Court Judge Sidney L. Nation, who thereafter entered a nunc pro tunc order confirming and validating Bills's July 2 order. As we held in *Hernandez v. Resolution Trust Corp.*,[8] "[t]he statutory language is plain and the clear import of that language is that the report must simply be made to a judge of the superior court of the county in which the land is located." In that case, we determined that a report made to the presiding judge, who was a magistrate judge sitting by designation as a superior court judge, met the requirement of the statute.[9] Thus, because Judge Bills was authorized to sit as a superior court judge and because OCGA § 44-14-161 (a) does not require that a report be made to the same superior court judge that later presides over the confirmation hearing, the FDIC's report of the sale met the statutory requirement, and REL's argument is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[8] 210 Ga. App. 538, 538 (1) (436 SE2d 534) (1993).

[9] See id. See also *Stepp v. Farm & Home Life Ins. Co.*, 222 Ga. App. 257, 258 (1) (474 SE2d 108) (1996) (holding that OCGA § 44-14-161 (a) does not require the party seeking confirmation to tender a physical report into evidence).

DECIDED MAY 11, 2010.

*McKenna, Long & Aldridge, David E. Gordon*, for appellants.
*McGuire Woods, H. Wayne Phears, Kevin C. Watters*, for appellee.