A11A1343. SUPERIOR HOME DESIGN, LLC et al. v. STATE BANK & TRUST COMPANY.

(718 SE2d 857)

DOYLE, Judge.

This case arises from an application for confirmation of a foreclosure sale filed by State Bank and Trust Company, as assignee of the Federal Deposit Insurance Corporation ("the Bank"), against Superior Home Design, LLC, and Shawn Shakib (collectively "Superior Home"). Superior Home appeals the trial court's order confirming the sale of the subject property for $270,000, arguing that (1) no competent evidence existed in the record that the Bank paid property taxes on the property or of the amount of those taxes; and (2) the trial court erred by deducting those taxes when it determined that the Bank presented evidence that it paid true market value for the property. For the reasons that follow, we affirm.

The record shows that in exchange for a security deed on property located in Gwinnett County, the Bank loaned Superior Home $429,199.65.[1] Superior Home defaulted on the loan, and the Bank executed foreclosure proceedings. On May 4, 2010, the property was sold at public auction to the Bank, the only bidder, for $270,000.

---

[1] Shakib also executed a personal guaranty on the loan upon which he later defaulted.

Thereafter, the Bank filed a report of sale and application for confirmation of the sale, asking the trial court to find that the foreclosure proceeding was regular and that the property sold for true market value. The parties stipulated to the legality of notice, advertisement, and regularity of the sale, but Superior Home contested that the Bank had paid true market value for the property with its bid of $270,000.

Superior Home's appraiser testified that the property was worth $285,000, with a five percent margin of error, and the Bank's appraiser testified that the property, assuming it was unencumbered by any outstanding liens, was worth $280,000, again with a five percent margin of error. An individual identified as Mr. Chatham, but not recognized as one of the appraisers or attorneys, explained that the Bank had paid $10,740 for the 2008 and 2009 taxes on the property. Superior Home's appraiser testified that he used the lower-end comparables in his sales report to determine the true market value of the property because the market was still declining.

After the hearing, the trial court confirmed the sale, finding that based on the testimony of the appraisers, the "fair" market value of the property as an unencumbered, fee simple property at the time of the sale was $280,000 with a five percent margin of error, but after deducting the amount of property taxes paid by the Bank, $10,740.92, the actual true market value of the property was $269,259.08, which was lower than the $270,000 paid for the property at the sale. This appeal followed.

> Value on the date of sale is a factual question to be resolved by the trier of fact. In a proceeding for confirmation of a foreclosure sale of real property, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. Where the trial judge, sitting as the trier of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.[2]

1. Superior Home argues that the trial court erred by finding that the true market value of the subject property was $269,259.08. We disagree.

> A trial court cannot confirm a foreclosure sale unless it is satisfied that the property so sold brought its true market

---

[2] (Punctuation omitted.) *Trefren v. Freedom Bank of Ga.*, 300 Ga. App. 112, 113 (684 SE2d 144) (2009).

value — the price that the property will bring when it is offered for sale by one who is not obligated, but has the desire to sell it, and is bought by one who wishes to buy it, but is not under a necessity to do so.[3]

Moreover, a trial court's order that is right for any reason must be affirmed.[4]

As an initial matter, Superior Home contends that no competent evidence in the record supports the Bank's contention that it paid a tax lien of $10,740.92 to clear title on the property, and thus, the trial court erred by deducting that amount from the appraised value of the property in order to calculate its true market value. Nevertheless, we affirm the trial court's confirmation of the sale because there is some evidence in the record to support the court's ultimate conclusion that the property sold for its true market value.[5]

At the hearing, both the appraiser for the Bank and the appraiser for Superior Home testified that their estimates included a five percent margin of error. The trial court determined the true market value of the property was $269,259.08; a deduction of five percent from $280,000 would yield a minimum sale price of $266,000. Thus, there was evidence that the Bank's sale of the property for $270,000 brought at least the true market value.[6]

Superior Home claims it would be error to affirm the court's order using an analysis different from that of the trial court's, but this contention is without merit. "[W]e will not overturn a trial court's decision regarding confirmation of a foreclosure sale if there is any evidence to support the decision."[7] Based on the trial court's statements during the hearing and its findings in the order confirming the sale, the court clearly believed that the property was sold for its true market value.[8] The Bank's appraiser's margin of error alone provides evidence in the record to support the trial court's finding

---

[3] (Punctuation omitted.) Id.

[4] See *Foster v. Tycor, Inc.*, 267 Ga. App. 767, 770 (601 SE2d 172) (2004).

[5] We note that the transcript of the proceedings reveals that the hearing did not occur in the typical fashion wherein each party swears in its witnesses and presents its arguments; rather, the proceeding was much more conversational with the trial court conducting voir dire of the appraisers without much assistance from the attorneys. At one point, Mr. Chatham provided the amount of taxes paid on the property by the Bank, but it does not appear that he was sworn in by the court.

[6] According to Superior Home's appraiser, the property was worth $285,000 at the time of the sale, which would yield a minimum sale value of $270,750 based on his testimony that the valuation was within plus or minus 5 percent. This results in a difference of $750 between the price the property sold for and the minimum sale price according to Superior Home's appraiser.

[7] *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180, 180-181 (622 SE2d 890) (2005).

[8] Compare *Belans v. Bank of America*, 303 Ga. App. 654, 656 (2) (694 SE2d 725) (2010)

that the property sold for true market value.

2. Based on our conclusion in the previous division we decline to address Superior Home's remaining enumeration of error.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 10, 2011.

*Michael A. Penn*, for appellants.
*Siegel & Golder, Mark L. Golder*, for appellee.

---

(reversing confirmation because appraiser did not testify and court relied *solely* on hearsay statements by counsel); *Wheeler v. Coastal Bank*, 182 Ga. App. 112, 114 (354 SE2d 694) (1987) (reversing confirmation of sale because *every construction* of the evidence established that the property's true market value was "at least" greater than sale price).